## FINCH *vs.* IVES.

A judgment, rendered upon a writ of error, is a final judgment.

A motion in error, in effect, is like a writ of error, and the former differs from the latter, only in the mode of proceeding.

The statutory provision, that " if, upon a writ of error, a judgment is reversed by the superior court, on a principle not inconsistent with the further prosecution of the original action, that action may again be entered in the superior court, and re-tried, (Rev. Stat. tit., ch. 13, § 168,) does not preclude the effectual disposal of the original judgment, by the judgment upon the motion in error.

The clause in the statute of limitations, which provides that no writ of error shall be brought, for the reversal of any judgment, after the expiration of three years from the time of rendering final judgment, is applicable to motions in error.

Where the superior court, on a motion in error, reversed a judgment of the county court, and thereupon rendered judgment that the plaintiff in error recover costs on his motion, it was held, that such latter judgment was a final judgment, and that, after the expiration of three years, it could not be reviewed, by motion in error.

In pursuance of the advice of this court, 22 Conn. R., 101, the superior court, for the county of New Haven, reversed the judgment of the county court, ordering this cause to be erased from the docket, and thereupon rendered judgment in favor of the defendant to recover his costs, taxed at thirty-nine dollars and seven cents. After such judgment of reversal, the plaintiff then entered the action in the docket of said superior court, where it was regularly continued to the term holden in October, 1855, when it was tried and judgment rendered in favor of the defendant. The original plaintiff then, by motion in error, brought his case before this court, claiming to be aggrieved by the judgment of the superior court, in 1855, in rendering judgment against him for costs, on the reversal of the judgment of the county court, more than three years having then elapsed after the rendition of the judgment complained of.

*Doolittle* in support of the motion.

I. The judgment, complained of, is manifestly erroneous, and in direct violation of the statute. Rev. Stat., p. 106.

II. The statute of limitations does not run against this motion in error for the following reasons. 1. A motion in error does not lie until final judgment has been rendered. *Treadway* v. *Coe*, 21 Conn. R., 283. 2. The judgment complained of was not final. The statute, p. 106, declares, in express terms, the judgment thereafter to be rendered to be the final judgment, and hence the whole costs are to be taxed thereafter, in favor of him who shall recover final judgment. *Allen* v. *Adams* 17 Conn. R., 69. No final judgment having been rendered within three years, the statute has not begun to run. No statute can run until there is a person to sue and be sued. 2 *N. & Mc C.* 259. *Miller* v. *Anderson*, Lit. Sel. Cases. Kirby, 36 and 37. *Johnson* v. *Ware*, 3 Stew., 172. *Houpt* v. *Shields*, 3 Port., 247. *Hutchinson* v. *Tolls*, 2 Ala., 44.

*Blackman* and *C. Ives*, contra.

I. If error was committed in rendering the judgment for costs complained of, no damage has been sustained by the plaintiff, inasmuch as the defendant has since obtained judgment in the trial upon the merits, and it is immaterial whether the defendant pays cost upon the first judgment, or upon the second. A party cannot complain of error which does not operate to his prejudice.

II. The taxation of costs is not the subject of error. *Dutton* v. *Tracy*, 4 Conn. R., 79.

III. The judgment for costs was a final judgment upon the defendant's motion in the error; neither a writ of error, nor a motion in error, (which differs from a writ, only in the service,) can be brought after three years have elapsed. Rev. Stat., 105. *Treadway* v. *Coe*, 22 Conn. R., 284. "A writ of error is a new action." *Ripley* v. *Morris*, 2 Gil., 381. *Allen* v. *The Mayor, &c. of Savannah*, 9 Geo., 286. A writ of error has all the elements of an independent case; it has

the writ, the service, the pleadings and the judgment. The judgment, upon the defendant's motion in error, is no more an interlocutory judgment, than is a decree of a court of chancery, to restrain a party from prosecuting an action at law.

HINMAN, J. This is a motion in error from the judgment of the superior court. The original action was brought before a justice of the peace, and appealed by the defendânt to the county court. After several continuances, in that court, it was, on motion of the plaintiff, erased from its docket, on the ground that the appeal was irregular. At the October term of the superior court, in 1852, this judgment of the county court was reversed, on the defendant's motion in error, and, thereupon, judgment was rendered in his favor, to recover costs, on his motion in error. The original action was then entered in the docket of the superior court, for trial, pursuant to the statute, p. 106, Ed. 1854, authorizing such entry, when a judgment is reversed on a principle not inconsistent with the further prosecution of the action. The cause, thus entered, was then continued to the October term 1855, when it was finally heard and determined, on its merits, in favor of the defendant. The original plaintiff now brings his motion in error, before this court, claiming that he is aggrieved, by the judgment of the superior court, in 1852, in rendering judgment against him for costs, on the reversal of the judgment of the county court.

More than three years had elapsed, after the rendition of the judgment complained of, when the present motion in error was filed; and our statute of limitations, Stat. Ed. 1854, p. 649, § 9, enacts, that "no writ of error shall be brought, for the reversal of any judgment, after the expiration of three years from the time of rendering such judgment." But the plaintiff claims that the judgment, rendered in 1852, was not a final, but was an interlocutory judgment, in the original action; and, therefore, as no writ of error, or motion

in error will lie, until after final judgment, the statute did not begin to run against his right, until after the final judgment in the cause, in 1855. It is true, undoubtedly, that writs of error, and motions in error, cannot be commenced until after final judgment; because it cannot till then be known, that an interlocutory judgment will prejudice a party; *Magill* v. *Lyman,* 6 Conn. R., 59: *White* v. *Trinity Church,* 5 Conn. R., 187. It is not claimed that there is any distinction, except in the form of proceeding, between writs of error, and motions in error. Motions in error are more convenient, and less expensive, than writs of error, but the statute, by which they are allowed, provides, that they shall be proceeded with in the same manner. Stat. Ed. 1854, p. 106. They are, in effect, therefore, writs of error, not required to be served on the opposite party, in any other way, than by the mere filing of the motion within twenty-four hours after final judgment, of which the opposite party, being supposed to be present in court, is bound to take notice, at his peril. If, then, judgment on a writ of error is a final judgment, it follows that judgment on a motion in error must be held to be final. But a writ of error is an action, brought to relieve a party who has been aggrieved by an error, in the foundation, proceeding, judgment, or execution of a suit; Co. Litt., 289, b. It has all the characteristics of an action. It is brought by a writ, the signing and allowance of which is regulated by statute. It is accompanied, as all writs are, in Connecticut, by a declaration setting forth the record, and the error therein complained of. It must be served and returned to court, like any other writ; and there, it is entered in the docket, answered to by plea, and the issue upon it tried, and judgment is rendered upon the issue, like any other action. It is true, that, by statute, if a judgment is reversed, on a principle not inconsistent with the further prosecution of the original action, that action may, on motion, be revived, and retried; and when this is done, it has, in this respect, an effect similar to the effect produced by a petition, or motion

for a new trial. But this is superadded, by statute, to its ordinary effect. It no less effectually disposes of the original judgment, because, in some cases, the original action may be revived. Besides, it is not the object of the writ to grant a new trial. That is accomplished by the reversal, or affirmance, of the judgment complained of; and the new trial is a collateral incident of the reversal, provided for by statute, in order to save the expense and delay of another suit, on the same cause of action. The judgment for costs in 1852, on the plaintiff's motion in error, was, therefore, a final judgment; and being final, it follows, that it is too late now to review it. Besides, this being a motion, and not a writ of error, it ought to have been filed at the October term, 1852. On these grounds, therefore, it must be dismissed.

On the merits of the motion it is not necessary to make a decision. But if there was error in rendering judgment for cost, in 1852, it is quite clear that it can work no injury to the plaintiff now. The defendant, having since obtained final judgment in the original action, by the terms of the statute, is entitled to the costs then taxed, and the costs on that motion will not again be taxed in his favor, unless the former judgment is cancelled.

In this opinion the other Judges, STORRS & ELLSWORTH, concurred.

Judgment affirmed.