# George Maloney and D. I. Dale, doing business as Maloney & Co., Appellants, *v.* J. Kemp Bartlett.

*Res judicata—Accounts—Payments.*

In an action to recover a balance due upon mercantile transactions extending over a period of four years, it appeared that during this time three notes had been given by defendant to plaintiffs to apply on the account generally, not to cover specific items of charge, or to include the whole amount then due. The first two notes were paid. Payment of the third, which was a judgment note for two hundred and fifty dollars, was refused on the ground of want of consideration. On a feigned issue to determine the validity of the judgment entered upon this note, there was a verdict for plaintiffs for one hundred and twenty dollars. After the date of the third note defendant continued to purchase goods from plaintiffs. Plaintiffs sought to establish their claim in the present action by proof of the whole account from the beginning, conceding a credit of two hundred and fifty dollars, the amount of the third note, although one hundred and twenty dollars only had been paid upon it. *Held,* that neither party could retry the questions involved in the feigned issue, but as there could not have been a recovery at the trial of the feigned issue for charges in the account after the date of the note, there was no adjudication as to them, and as to them plaintiffs were entitled to recover.

*Statute of limitations—Application of payments—Accounts.*

In an action to recover the balance upon a general account, it is competent for the plaintiffs to show that certain payments had been appropriated to the earlier items of the account.

Argued Oct. 8, 1895. Appeal, No. 40, Oct. T., 1895, by plaintiffs, from judgment of C. P. Venango Co., April T., 1890, No. 13, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit to recover the balance of a running account for merchandise sold and work done. Before TAYLOR, P. J.

The facts appear by the opinion of the Supreme Court.

Plaintiffs offered the account attached to their statement of claim for the purpose of proving the items therein not specifically denied by the affidavit of defense, accompanied by an offer to prove, by other and further proof, the items so specifically denied. This was objected to because the affidavit attached to the statement of claim is not evidence under the

rules of court or otherwise, and because the affidavit of defense itself is not competent.    The court ruled out the evidence of all items more than six years prior to 10th of February, 1890, the date of the commencement of this suit, and admitted in evidence the undisputed items within six years prior to that date, if subject to book entry.    Bill sealed for plaintiffs. [1]

Plaintiffs then offered to prove the various items for which charges were made against the defendant from the 2d day of April, 1883, to the 9th day of February 1884, inclusive, to be taken in connection with items of charge already proved ; to be followed by proof of other subsequent items of charge ; to be followed by proof of payment by the defendant within six years after the 2d day of April, 1883, of more than sufficient to cover all the items of charge up to and including that of the 9th day of February, 1884 ; all of which payments were made within six years before the time of suit brought, and were applied as they were received to extinguishing the earliest items of charge ; this action being brought to recover the unpaid balance remaining due upon the items of charge not six years old at the time of suit brought.

This was objected to generally by the defendant.

By the Court.    It appearing that the notes have all been paid, we will exclude the offer.    Bill sealed for plaintiffs. [2]

The court charged in part as follows :

[There had been notes given at different times by Mr. Bartlett to the plaintiffs, for different amounts.    They were judgment notes, and one of them was entered upon record here and not paid.    Mr. Bartlett, the defendant, claimed that he ought not to pay that note for the reason that Messrs. Maloney & Co.] had sold him a boiler which was defective, and they had charged for repairs on the boiler which they ought to have made at their own expense ; that they had warranted to sell him a good boiler, and claimed all the accounts between them had been settled and he owed nothing.    Upon those statements, as sworn to by defendant, this judgment was opened and a feigned issue was tried by a jury, and at that time the defendant was to set off any defense he had to the payment of that note.

It was alleged on the part of the defendant that the boiler was defective.    Maloney & Co. claimed the boiler was good

and the water was bad, and if it didn't hold out as expected, that they were not to blame for it. The question of whether there was a warranty of the boiler or not came up, and was passed upon by the jury. It was claimed, too, there were repairs done on the boiler that were not a legitimate charge against the defendant, for the reason that Maloney & Co. had warranted him a good boiler and they were bound to make it so. On the other hand Mr. Maloney claimed he had not warranted it, and that by reason of the kind of water that was used, the boiler gave out sooner than it ought to have done, if it had been used in a careful and prudent way.

Now, upon that issue everything that could have been tried between these parties ought to have been tried then. If Mr. Maloney had an account, that account could have been passed upon, if it was not at that time barred by the statute of limitations. This suit was brought February 10, 1890, about three years after this last dealing between these men. If Mr. Maloney at that time had a legitimate claim for those matters, he ought to have put it in evidence at that time. Whatever offset he had, it was his duty to make it then. A man cannot cut his account up in different parts and have different actions for it. If the testimony of Mr. Maloney is believed as to the settlements of the accounts by the giving of those notes, etc., your verdict ought to be for the defendant.] [6]

·Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* among others were, (1–2) ruling on evidence, quoting the bill of exceptions; (6) portion of charge as above, quoting it.

*John O. McCalmont, B. H. Osborne* with him, for appellants. —Where there are items of debt and credit in a running account, in the absence of specific appropriation, the credits will ordinarily be applied to the discharge of the items antecedently due in the order of the account; or each item of payment or credit is applied in the extinguishment of the earlier items in the account, until the whole payment or credit is exhausted: Pardee v. Markle, 111 Pa. 548.

The gravest error of the court below was in holding that by the plaintiffs' previous attempt to collect a note given to apply

upon this account they were barred from recovering anything in this suit: Cummings v. Colgrove, 25 Pa. 150; Gable v. Parry, 13 Pa. 181; Ayers v. Finley, 1 Pa. 501; Ulrich v. Berger, 4 W. & S. 19.

*J. H. Osmer*, for appellee, cited: Shoemaker v. Kellogg, 11 Pa. 310; Stuckslager v. Nell, 123 Pa. 53; Corr v. Sellers, 100 Pa. 169.

OPINION BY MR. JUSTICE FELL, January 6, 1896:

The plaintiffs sued to recover a balance claimed to be due for merchandise sold and work done. The business transactions between the parties extended over a period of four years, and during this time three notes were given by the defendant to the plaintiffs on account of his indebtedness. Two of these notes were paid at maturity, and the payment of the third, a judgment note for $250, was refused on the ground that the whole amount thereof was not due. A judgment entered upon this note was opened and an issue awarded, the trial of which resulted in a verdict for the plaintiffs for $120. Goods to a small amount were purchased after the date of the third note, and upon the trial of the case now before us the plaintiffs attempted to establish their claim by proof of the whole account from the beginning, conceding a credit of $250, the amount of the third note, although only $120 had been paid upon it. None of the notes given were intended to cover specific items of charge, or to include the whole amount then due. They were given upon the account generally, and without reference to the exact indebtedness.

At the trial of the issue to determine the amount, if any, due upon the judgment note, the defense was want of consideration, and there was necessarily an examination of that part of the account which was prior in date to the note. By the terms of that issue the note was to stand as a declaration, and there could not have been a recovery for goods sold after its date. The question was whether at the date of the note the defendant was indebted on the account. The jury found that he was indebted, but in an amount less than the note. The finding concluded the parties, and neither could retry the question in another suit; but as there could not have been a recovery at the

trial of the feigned issue for charges in the account after the date of the note, there was no adjudication as to them.   They were recoverable in this action, and the direction to the jury which is the subject of the sixth assignment of error was erroneous, and the assignment must be sustained.

The remaining assignments relate to the exclusion of testimony which was offered to establish the whole account, and it is unnecessary to consider them further than to say that the ruling in relation to the bar of the statute of limitations was not correct.   The action was to recover the balance upon a general account; and it was competent for the plaintiffs to show that the payments had been appropriated to the earlier items.   They might without proof have rested upon the legal presumption, and the line should not have been drawn arbitrarily at the period of six years.

The judgment is reversed with a venire facias de novo.