GUARANTEE TRUST AND SAFE DEPOSIT COMPANY

*vs.*

PHILADELPHIA, READING & NEW ENGLAND RAILROAD CO.

First Judicial District, Hartford, October Term, 1897. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The court has the power to direct a receiver as to what wages shall be paid in the management of property under its charge. But this power is one to be exercised only in clear cases of necessity, and with exceeding caution.

Whether the hearing upon an intervening petition filed by employees asking a restoration of former wages, is an adversary proceeding in the legal sense, so that the petitioners are parties to the original receivership suit for the purpose of an adjudication, *quære*. If they are parties, the order of the trial court granting or refusing their petition must be regarded as a final judgment, and, as such, subject to the right of appeal.

Under the general rules of chancery practice, and the broad language of our statutes in respect to receivers (General Statutes, §§ 1322, 1942), a receiver may appeal from a void order, or from one claimed to be void, which affects the rights of owners and creditors represented by him.

While the court of the State in which the receiver of an interstate railway is first appointed is presumptively the proper tribunal to direct as to what wages shall be paid to employees whose services are rendered partly in each State, it nevertheless cannot be said, as matter of law, that an order of the court in the State where the receiver is subsequently appointed, relating solely to the wages of trainmen engaged in operating the road, the greater part of which is in the latter State, is beyond the jurisdiction of that court, merely because the trainmen performed a portion of their duties within the territory of the former State. The interests of the property may require, and the nature of the proceedings in both courts justify, the direction of the latter court

in such a matter; and if so, such court may properly rely upon such an application of the rule of comity by the court of initial proceeding, as will aid and not obstruct the full execution of the order.

[Argued October 7th—decided November 3d, 1897.]

INTERVENING petition in a receivership suit pending in the Superior Court in Hartford County, by certain locomotive engineers and firemen employed by the receiver of the defendant corporation in this State, praying that he might be required to restore their wages to the rate existing prior to May 1st, 1897; facts found and judgment rendered (*Elmer, J.*) for the petitioners, and appeal by the receiver for alleged errors in the rulings of the court.   *No error.*

In this court the appellees filed a plea in abatement.   *Overruled.*

The case is sufficiently stated in the opinion.

*Arthur L. Shipman*, with whom was *Charles E. Gross*, for the appellant (receiver).

Foreign receivers have certain rights in this State which will be respected and enforced.   *Cooke* v. *Orange*, 48 Conn. 409; *Blake Crusher Co.* v. *New Haven*, 46 id. 473; *Pond* v. *Cooke*, 45 id. 130.   For the operation of the Connecticut portion of this road, the receiver is accountable primarily to the Superior Court of Hartford county, and ultimately to the court of his original appointment in New York.   For the operation of the New York portion of the road, he is only accountable to the New York court, and under no circumstances to the Connecticut court.   The whole road is operated by the same man, and it matters not whether his office is in New York or in Connecticut.   Our Superior Court, therefore, exceeded its jurisdiction when it attempted to order the receiver to pay certain wages to these men for services to be performed in New York.   His jurisdiction stopped at the State line, at the same place where the power and authority of the ancillary receiver stopped.   All orders in such cases stop at the State or Federal district lines.   *Ames* v. *Union Pac. Ry. Co.*, 62 Fed. Rep. 17.   In such cases as this, the receiver has the right to appeal.   Beach on Receivers,

NOVEMBER, 1897. 711

Vol. 69   Guarantee, etc., Deposit Co. v. Phila., R. & N. E. R. Co.

§§ 286, 774, 757; High on Receivers, § 207. As to the first question raised by the plea in abatement: The decision below, and formally filed in court in the form of an order, was a final judgment. The application was regularly heard on pleadings and issue closed. The applicants were new parties in the cause, and the order was final in the sense that it concluded the controversy in the Superior Court, both as to the petitioners and the receiver, unless appealed from. *Curran* v. *Excelsior Coal Co.*, 63 Iowa, 94; *Farmers' L. & T. Co., Petitioner*, 129 U. S. 213; *Trust Co.* v. *Grant Locomotive Works*, 135 id. 207; *Hinckley* v. *Gilman, C. & S. R. R.*, 94 U. S. 467; *Williams* v. *Morgan*, 111 id. 684; *Trustees* v. *Greenough*, 105 id. 527; *Burnham* v. *Bowen*, 111 id. 776; *Blossom* v. *Milwaukee, etc., R. R.*, 1 Wall. 665; *Felton* v. *Ackerman*, 61 Fed. Rep. 225; *Leonard* v. *Charter Oak Life Ins. Co.*, 65 Conn. 529.

*John R. Buck*, with whom was *Arthur F. Eggleston*, for the appellees (petitioners).

The statute, Pub. Acts of 1897, Chap. 194, § 2, does not permit questions arising after final judgment has been rendered, to be taken to this court for review. The present question relates to an order of the court made in reference to its employees in the ordinary conduct and management of the affairs of the receivership, after all law questions relating to the original action of the court in appointing the receiver have been decided, and the court is engaged in administering upon the estate. But if *Judge Elmer's* order be a final judgment, the receiver being only an officer or employee of the court cannot be a party " aggrieved," within the meaning of the statute. He cannot be aggrieved by a judgment affecting none of his rights. The Superior Court has jurisdiction to determine the wages of the petitioners, although they are partly earned while the trains on which they work are in the State of New York. The receiver claims that as soon as the trains on which the petitioners work reach the State of New York their wages are not affected by the order of the Superior Court. Under the original order appointing Mr.

Sherwood as ancillary receiver, and under the order of *Judge Elmer*, relating to wages, Mr. Sherwood will be acting as the employee of a Connecticut court having full jurisdiction over him as receiver, while employed in taking care of the property of this company. Full faith and credit will be given to all the acts of said receiver done by virtue of those orders. It is not probable that any one in the State of New York would question the right of the receiver to pay these wages under the order of the Superior Court, if he is willing to do so. It cannot be assumed that the courts of New York will not give full faith and credit to all of the acts of Mr. Sherwood done under said orders. 3 Wood on Ry. Law, § 481; *Northern Ind. R. R.* v. *Michigan C. R. R.*, 15 How. 233; High on Receivers (2d ed.) § 44; *Bank* v. *McLeod*, 38 Ohio St. 184. In the following receivership cases the Circuit Court of the United States has regulated the wages of railway employees for services rendered within and without the respective districts. *Ames, 2d,* v. *Union Pac. Ry.*, 62 Fed. Rep. 7; *Waterhouse* v. *Comer*, 55 id. 149; *Thomas* v. *Cincinnati, N. O. & T. P. R. R.*, 62 id. 17; *Continental Trust Co.* v. *Toledo, St. L. & K. C. R. R.*, 59 id. 514; *Frank* v. *Denver & R. G. Ry.*, 23 id. 757; *United States Trust Co.* v. *Omaha & St. L. Ry.*, 63 id. 737; *Chattanooga T. Ry.* v. *Felton*, 68 id. 273.

HAMERSLEY, J. This is an appeal by the receiver from an order of court directing him to restore the schedule of wages existing at the time of his appointment, in respect to persons employed by him in operating the railroad in charge of the court. The order was made in response to a petition by Silas N. Smith and others, being the employees whose wages were reduced by the receiver, and the court ordered that the petitioners be made parties to the record for the purposes of the petition. Smith and others have filed in this court a plea in abatement, which we must consider before disposing of the appeal.

A question might have been raised as to the standing of these petitioners in this court. The Superior Court has the

power to direct a receiver in respect to the wages to be paid in the management of a property under its charge; but it is a power to be exercised only in clear cases of necessity, and with exceeding caution. A main purpose of appointing a receiver is to remit to him those details of management which cannot well be administered by the court. Where plainly necessary, the power may be exercised either by an order establishing a schedule of wages, or by the appointment of a receiver in whose discretion the court can place greater confidence. The court may act on the application of a receiver, or without any application. The situation may be such as to justify the employees of the receiver in bringing the subject to the attention of the court by an appropriate petition, and if an investigation is deemed requisite, they may properly be heard. But that such petition and hearing, in a case like this, where no execution of an existing contract is sought to be enforced, but simply a direction as to the terms of future contracts, can make the proceeding an adversary one in the legal sense, so that the petitioners are parties to the original action for the purpose of an adjudication, is by no means clear. Some decisions in Federal Circuit Courts seem to support the theory of a power in the court to determine, upon complaint, pleadings and trial as in a judicial proceeding, all grievances suffered by the employees of a railroad receiver in the operation of a road. *Continental Trust Co.* v. *Toledo, St. L. & K. C. R. Co.*, 59 Fed. Rep. 514, 517; *Thomas* v. *Cincinnati, N. O. & T. P. Ry. Co.*, 62 id. 17, 18, and cases there cited. If these decisions go farther than a recognition of the admitted power of a court to adjudicate and enforce contracts its officer has made, and to direct his conduct as to the terms of those he shall make, they would seem to involve a power in the court over all persons who may be employed by the receiver, inconsistent with that individual freedom of action and contract deemed essential in all other relations. We express no opinion on this question; although apparently involved, it has not been raised by the parties. In view of the final conclusion reached, it is

of no practical importance in this case, and under the special circumstances may properly be treated as waived.

Assuming, then, that the petitioners are entitled to appear as parties and file the plea in abatement, it follows that, for the purpose of disposing of this plea, the order appealed from must be regarded as a final adjudication of the rights of parties involved in a judicial proceeding of an adversary nature. In the course of an action on the equity side of the court in which a receiver is appointed, it is often necessary for the court to make an order which constitutes an adjudication by a judicial finding, separable from the main action, affecting in some instances persons who are parties to the action only for the purposes of that proceeding, and which cannot be reviewed unless by an appeal from that order. Orders of such a character which are in fact a final adjudication of the rights involved, may generally be reviewed by an appellate court. The reasons for the rule are well stated in *Blossom* v. *Milwaukee, etc., R. R. Co.*, 1 Wall. 655. Under our statute, when a party to such a final order thinks himself aggrieved by the decision of the court on any question of law arising in the trial, he may appeal and remove the question for review in this court. We have heretofore acted on this construction of the statute, and do not doubt its correctness. *Leonard* v. *Charter Oak Life Ins. Co.*, 65 Conn. 529. Even in actions on the law side of the court, a " final judgment," within the meaning of our statute of appeal, may include a judgment in its nature final and separable from any other judgment that may be rendered in the action, although not finally disposing of the action. *Bunnell* v. *Berlin Iron Bridge Co.*, 66 Conn. 24, 37.

But it is claimed that the order in question is not final as to its subject-matter ; that it is a mere administrative direction lying in the discretion of the court and open to modification at any time. There may be orders of this nature which are not appealable ; but, without discussing the limits of that discretion which the court has in making a merely administrative order, we think in this case the receiver was entitled to appeal, because the question of jurisdiction involving the

NOVEMBER, 1897. 715

Vol. 69 Guarantee, etc., Deposit Co. *v.* Phila., R. & N. E. R. Co.

power of the court to appropriate the funds of the estate for the purposes covered by the order, was distinctly raised and decided. The order thus becomes a final judgment in the case, determining the power of the court in the application of funds and directly affecting the interests of parties to the main action. An appeal from a void order affecting the rights of owners and creditors who are represented by the receiver, may be permitted under the general rules of chancery practice, and by the broad language of our statute in respect to receivers. General Statutes, §§ 1322, 1942. It is difficult to see how the receiver personally can be aggrieved by the present order; but we cannot say that as representative of the defendant corporation and creditors he may not be aggrieved, until the question of law involved is decided. The right of appeal does not depend upon an actual grievance, but on a belief that the decision of a question of law, which if erroneous may constitute a grievance, is erroneous. Possibly the insignificance of any effect the present order can have upon interests represented by the receiver, might be pressed as sufficient ground for holding that in fact the appeal was taken by him personally and not in any representative capacity. We think, however, the plea in abatement should be overruled.

The order appealed from relates solely to the wages of engineers and firemen employed by the receiver in running the engines used in operating the road in this State, under the direction of the Superior Court. Is the order, upon the facts appearing in the record, within the jurisdiction of that court? This is the only question of law presented by the appeal.

The material facts appearing in the record and found by the court below, are as follows : The defendant corporation owned a railroad within the State of New York; it also was lessee of other railroads, including that belonging to the Hartford and Connecticut Western Railroad Company, a corporation incorporated under the laws of this state; the road belonging to the last named corporation extends from Hartford in this State to Rhinecliff in the State of New York, and constituted the principal part of the railroad system of the

defendant; the other roads owned and controlled by the defendant were operated in connection with the Hartford and Connecticut Western. On August 13th, 1893, the Supreme Court of the State of New York, second judicial department, appointed Mr. James K. O. Sherwood receiver of the property and effects of the present defendant, upon application of the present plaintiff; and Mr. Sherwood has since operated some portion of the railroads owned and controlled by the defendant, under the orders of said court. The parties to the action, the nature of the action in which the appointment was made, and the terms of the order making the appointment, do not appear. On October 28th, 1893, Mr. Sherwood was appointed, by the Superior Court for Hartford County, receiver of the defendant corporation in the State of Connecticut. The nature of the action in which this appointment was made does not appear. On November 7th, 1893, Mr. Sherwood, by virtue of the order of the Superior Court, took control of the defendant corporation and its leased lines in the State of Connecticut, and is still managing and operating said railroad and said leased lines, subject to the orders and direction of said court. The record is not clear as to the portions of the railroad operated under the controlling direction of the New York and Connecticut courts respectively, but it must be taken as a fact found, that the Hartford and Connecticut Western Railroad in this State has, since November 7th, 1893, been operated by Mr. Sherwood as receiver appointed by the Superior Court, in accordance with the directions of that court. Upon taking possession of the Connecticut road and property of every description belonging to the defendant and having a *situs* in Connecticut, Mr. Sherwood found a schedule of wages existing in respect to the engineers and firemen employed in running the engines used in operating the road, and this schedule he followed until May 1st, 1897, when (as appears by necessary implication), without any direction of the Superior Court or of the New York court, he altered the schedule by reducing the amounts paid for each day's work. Upon this state of facts the Superior Court passed the order in question, restoring the rates

of pay, and directing Mr. Sherwood as receiver of the defendant corporation under appointment of the court, to pay the engineers and firemen in his employ as such receiver, the same wages they had received previous to the reduction on May 1st. It appears that in operating the Connecticut road, some of its engines are run from places in this State to places in New York State, by the engineers and firemen employed by the Connecticut receiver, and to that extent the services rendered to the receiver, in pursuance of that employment, are actually performed within the territorial limits of New York; and it is on this ground, and on this ground alone, that it is claimed the order is void for want of jurisdiction.

It seems very plain that if the receiver, in operating the road, finds it necessary to send his employees into another State, he may do so; and the fact that he does so, does not affect the jurisdiction of the court to direct him as to their wages. And it is equally clear that a receiver appointed in one State may be directed by the court of that State, in respect to such matters in the operation of the road as must for the interests of all concerned follow one rule, although a portion of the line affected by the direction is situate in another State in which he has also been appointed receiver of the same road. It is true that no court can enforce its orders beyond the territorial limits of its jurisdiction; but it is also true that by a rule of comity based in part upon paramount necessity, the authority of receivers appointed in one State will be recognized in many ways by the courts of another State within whose jurisdiction it may be exercised; *Blake Crusher Co.* v. *New Haven,* 46 Conn. 473; *Cooke* v. *Orange,* 48 id. 401, 409; and that ordinarily a railroad receiver, acting under appointment in different States in respect to the same property, may be directed by the court of one State in respect to the management of the railroad under the charge of that court, and if such direction affect portions of the line in other States where he is receiver, the courts of those States, where unity of action is essential to the best interests of all concerned, will refrain from any action interfering with the direction, or will aid its execution by an independent order.

In such cases an order of court cannot be held void for want of jurisdiction, because the court may rely for its full enforcement upon an application of this rule of comity by the courts of another State.  It appearing therefore, as it clearly does by the record in this case, that the Superior Court is the court charged with the direct operation of the Hartford and Connecticut Western road in this State, which is the main part of the defendant's railroad system; that it is the proper court to direct the receiver in respect to the wages of the engineers and firemen employed in the operation of that road; and that it is for the interest of all concerned that the employment of these engineers and firemen should include their services in running engines over those portions of the line in New York essential to the beneficial operation of the road by the court,—it follows that the Superior Court might properly rely upon such application of the rule of comity by the New York court as would aid and not obstruct the full effect of the order.

The receiver alleged that any changes in the wages by the Superior Court would conflict with the business of the road within the jurisdiction of the New York court.  This allegation was in issue, and by its judgment the court has found the allegation untrue.

The finding may be justified by the facts in the record. Mr. Sherwood was appointed receiver by both courts, for the very purpose of preventing such conflict.  For four years the receiver has operated the road without such conflict, under the very schedule the court now orders him to restore.  Possibly some conflict might arise through the disobedience of the receiver, or the failure of a court to apply the rules of comity ; but these are contingencies not to be considered in framing the order.  Assuming, as we must upon this record (for it is found by the court and admitted by all the parties), that the Superior Court was the proper court to make an order regulating the wages of those employed by the receiver in running the engines used in operating the Connecticut road, there was no error in making the order appealed from.

Our only doubt has been whether the court and all the

parties before us, have not erred in so conducting the proceedings as to make this assumption imperative : whether a full examination of all relevant facts might not show that the proper course was to seek the direction of the New York court in respect to the whole matter.    That is the court of initial proceeding.    The order appointing the receiver in Connecticut recites that he is appointed as ancillary to the receiver in New York ; and without such recital, unless it otherwise distinctly appeared, he would ordinarily, by force of the rule of comity, act as ancillary receiver.    In matters of management in respect to a property impracticable or difficult to be managed otherwise than as a whole, the direction of the court of initial proceeding, establishing rules which of necessity must apply to the whole property, will ordinarily be followed by the courts appointing the same receiver in other States.    But while the court in New York, as the court of initial proceeding, is presumptively the proper court to direct as to the wages of employees whose services are rendered as a whole in both States, nevertheless it is possible that the interests of the property may require, and the nature of the proceedings in both courts justify, the direction of the Connecticut court as to the wages of these employees ; and such is the condition shown by this record.    If the record omits to present facts essential to the case of the appellant, this court can simply affirm the judgment.    *Schlesinger* v. *Chapman*, 52 Conn. 271; *Rogers & Bro.* v. *Rogers*, 53 id. 121, 150.

As the record shows the primary and independent regulation of the wages of the engineers and firemen employed by the receiver in running the engines used in operating the Connecticut road is lawfully in the Superior Court, and it being evident that the services rendered in the course of their employment within the territorial limits of New York are a necessary incident to the principal employment, and that the treatment of the employment as a whole is essential to the beneficial operation of the road, the same rule of comity which would require the Superior Court to aid in enforcing the directions of the court of inital proceeding in respect to mat-

ters essential to its management of the property as a whole, would require that court to recognize, as binding on the receiver within its jurisdiction, this order made in the administration of that portion of the management committed to the control of the Superior Court.

The rules of comity may not be departed from unless, in certain cases, for the purpose of necessary protection of our own citizens, or of enforcing some paramount rule of public policy. Such considerations do not enter into the present case, and the limitations of an order passed for that purpose need not be discussed. Upon the facts appearing in the record, the order passed by the Superior Court is not void for want of jurisdiction, and must be obeyed.

The plea in abatement is overruled. There is no error in the order complained of.

In this opinion the other judges concurred.