BANCA COMMERCIALE ITALIANA TRUST COMPANY *vs.*
WESTCHESTER ARTISTIC WORKS, INCORPORATED, ET ALS.

Third Judicial District, New Haven, June Term, 1928.
WHEELER, C. J., MALTBIE, HINMAN, BANKS and DICKENSON, Js.

Argued June 5th—decided July 27th, 1928.

*Ralph E. Brush,* for the appellant (plaintiff).

*Joseph G. Shapiro,* for the appellee (G. F. Beach Realty Company, Incorporated).

MALTBIE, J. This is an action for the foreclosure of a mortgage. On February 25th, 1927, judgment was entered for a foreclosure by sale, a committee was appointed to make the sale, and provision was made for its conduct. On June 3d, 1927, the committee reported

that he had sold the property to the G. F. Beach Realty Company, Incorporated, and had received a deposit of $500, but that the company had thereafter defaulted in the terms of its agreement of purchase. On the same day the plaintiff made a motion asking that the report be accepted and the sale confirmed and also that the Beach Company be held in default and a new sale ordered, the company to be held liable for the difference between the price at which it had bought the property and that realized on the resale, with allowance for the $500 it had paid. This motion the court granted that day and entered judgment accordingly, appointing the same committee to make the resale. The committee on June 24th, 1927, reported that it had resold the property at a price which left a deficiency under the price at which the Beach Company purchased it at the first sale. On the same day the court entered judgment confirming the second sale and fixing the liability of the Beach Company for the deficiency in the sum of $3,811.83. Thereafter, on August 26th, 1927, the Beach Company moved the court to reopen the judgments of June 3d, 1927, and June 24th, 1927, and the court granted the motion and reopened and set aside those judgments. From this action the present appeal is taken by the plaintiff.

The initial question is presented by a motion of the Beach Company to erase the appeal from the docket because the action of the trial court in reopening and setting aside the judgments was not such a "final judgment" as permits an appeal. That by becoming a purchaser at the first sale the Beach Company became so far a party to the action that it might appear and prosecute the motion does not admit of doubt. *Mariners Savings Bank* v. *Duca,* 98 Conn. 147, 155, 118 Atl. 820; *Blossom* v. *Milwaukee & Chicago R. Co.,* 68 U. S. (1 Wall.) 655; *Kneeland* v. *American Loan & Trust*

*Co.,* 136 U. S. 89, 93, 10 Sup. Ct. 950. An appeal lies only from a "final judgment" and an attempted appeal from a judgment not final should be erased from the docket. General Statutes, §5820; *Martin* v. *Sherwood,* 74 Conn. 202, 50 Atl. 564; *Morris* v. *Rankin,* 51 Conn. 326, 328; *Russell Lumber Co.* v. *Smith & Co.,* 82 Conn. 517, 74 Atl. 949. A judgment may, however, be final in the sense in which that word is used in the appeal statute, although the case still remains in court for further proceedings and although it affects only the rights or obligations of certain of the parties. *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. Co.,* 69 Conn. 709, 714, 38 Atl. 792; *Bunnell* v. *Berlin Iron Bridge Co.,* 66 Conn. 24, 37, 33 Atl. 553; *Finch* v. *Ives,* 24 Conn. 387. The test lies, not in the nature of the judgment, but in its effect as concluding the rights of some or all of the parties; if such rights are concluded, so that further proceedings after the entry of the order or decree of the court cannot affect them, then the judgment is a final judgment from which an appeal lies. *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. Co.,* 69 Conn. 709, 714, 38 Atl. 792; *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 78 Atl. 587; *Wardell* v. *Killingly,* 96 Conn. 718, 722, 115 Atl. 539; *O'Brien's Petition,* 79 Conn. 46, 59, 63 Atl. 777; *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 242, 52 Atl. 947, 53 id. 57.

In the instant case, had the Beach Company moved to reopen the judgment of June 3d, 1927, before any resale of the property had occurred and had the court granted the motion, an appeal might very likely not have lain; the reopening of that judgment would have left as the pending matter before the court the proper action to be taken on the report of the committee as to the sale to the Beach Company and the motion of

the plaintiff made the same day, so that the rights of all the parties would be still open to determination by the court. But after the resale had taken place and the judgment had entered confirming it and fixing the liability of the Beach Company on account of the less price secured, a different situation was presented. By the opening and setting aside of that judgment, the plaintiff was deprived of all right it had to subject the purchaser at that sale to the payment of the price it had bid, and of the immediate right to go against the Beach Company by execution for the amount of the deficiency fixed by the court. When the situation was set back to that presented by the motion for confirmation of the sale to the Beach Company and for an order of resale, the plaintiff could have no assurance that the ultimate determination of the controversy would ever again give it any right against the purchaser at the resale. While in the instant case it may be that the plaintiff would be put to no disadvantage, it is easy to imagine a situation where there would be such a disadvantage; as, for instance, one where the purchaser at the original sale had little property, and the purchaser at the resale bid nearly as much as was bid at the original sale and was abundantly able to pay the price offered. Moreover, it must be remembered that here we are concerned not with the question of harm to the plaintiff but with the question whether such action as the trial court took was in its nature a final judgment within the appeal statute. The deprivation of the right of the plaintiff to subject the purchaser at the resale to the payment of the price he had bid was such a final determination as to give to the action of the trial court in reopening the judgment the finality which affords the basis for an appeal. See *Prince* v. *Mottman,* 84 Wash. 287, 146 Pac. 841, where in a somewhat similar situation the court sustained the

right of the purchaser to appeal, and *Miocene Ditch Co.* v. *Moore,* 150 Fed. 483.

The motion to erase is denied.

In this opinion the other judges concurred.