## Moskowitz v. Prudential Insurance Company of America

*Harry N. Ball*, for plaintiff.
*Kendall H. Shoyer*, for defendant.

Bok, P. J., September 28, 1945.—This matter is before us on plaintiff's motion for a new trial following a directed verdict for defendant.

On January 21, 1927, defendant issued to plaintiff two policies of life insurance providing that if the insured, while the policies were in force, "became totally and permanently disabled, either physically or mentally, from any cause whatsoever to such extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or to perform any work for any kind of compensation of financial value during the remainder of his lifetime", then the company (1) would pay him monthly disability payments of $100 per month, and (2) would waive payment of premiums subsequently accruing during his disability.

On July 3, 1941, at a time when these policies were in force, plaintiff, while working as a baker in his own establishment, accidentally caught his right hand in a grinding machine; the hand was crushed and he sustained injuries which ultimately required the amputation of the fingers of his right hand at the metacarpal joint.

On December 17, 1941, plaintiff filed an action against defendant in the Municipal Court of Philadelphia as of December term, 1941, no. 574. In this

action plaintiff contended that as a result of the accident he became totally incapacitated, and sued to recover (1) $600 for disability payments of $100 per month alleged to have accrued for the six months between the date of the accident and the date of the filing of the action, and (2) the sum of $215, representing premiums which plaintiff was obliged to pay during the said period, notwithstanding the provisions of the policy waiving premiums in the event of total disability. Plaintiff recovered a verdict and judgment for these sums, plus interest.

Defendant appealed to the Superior Court and that tribunal (see Moskowitz v. Prudential Insurance Co, of America, 154 Superior Ct. 362 (1943)) reversed the decision of the municipal court and entered judgment n. o. v. for defendant, ruling that although plaintiff in the evidence presented had established the fact that he was unable any longer to perform the physical labor of a baker, he had failed to establish his inability to exercise managerial and supervisory duties incident to his business.

Thereafter plaintiff commenced the instant suit in which he sought to recover disability benefits of $2,600, alleged to have accrued under the policies during the 26 months between January 1942 and February 1944, and also the sum of $860, representing the premium payments for the years 1942 and 1943. Plaintiff averred in his statement of claim that "he had been *for the period here sued for* and is now wholly, continuously and permanently disabled".

At the trial before Bok, P. J., plaintiff offered to prove the facts surrounding the aforesaid accident and also "that as a result of the injury . . . he continuously suffers pain . . . his memory, which before the disability was good, has become impaired. He cannot concentrate. His disposition has changed . . . since his accident he suffers a feeling of revulsion and disgust . . . he can do no physical work of any kind. . . . Because of the assured's disability and inability to do

any of the things connected with his business it has been necessary to sell the business . . . that the assured is unable to get a job at his trade, would be useless industrially. His attitude and condition of mind as a result of the accident are psychopathological and that the assured was rendered not only unable to perform the substantial duties of any occupation for which he might be fitted but was disabled from performing any work of any nature, manual, supervisory or otherwise". The trial judge sustained defendant's objection to this offer of proof and gave binding instructions for defendant, ruling that the said decision of the Superior Court was res adjudicata.

We are of the opinion that the ruling of the trial judge was erroneous for the following reasons:

There is no such identity of causes of action in the municipal court proceedings and in the instant case as to make the former judgment *res adjudicata* of the issues here involved.

" 'To constitute *res adjudicata* there must be: (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made.' ": American Surety Co. of New York v. Dickson et al., 345 Pa. 328, 332 (1942).

In this case the "thing sued for" and "the cause of action" sued on are not identical with the claim adjudicated in the municipal court proceedings. There "the thing sued for" was alleged disability payments accruing during the six months immediately following the accident of July 1941. Here "the thing sued for" is the disability payments which are alleged to have accrued thereafter, namely for the 26 months between January 1942 and February 1944. While these "things" are similar in character, the two causes of action are separate and distinct. The gist of plaintiff's action in the former proceedings was that he had be-

come permanently and totally disabled within the meaning of the policy on July 3, 1941, and that this disability continued during all of the succeeding six months. The Superior Court found, as a matter of law, that plaintiff failed to establish that he had such a cause of action because of his inability to prove his asserted disability. In this case, plaintiff predicates his right of recovery on his allegation that he was totally and permanently disabled during the subsequent period between January 1942 and February 1944. If, as he now alleges, he was so disabled during this later period, it is evident that his present right of action to recover on the policies is separate and distinct from his right to recover for alleged payments which he claimed during the prior period in which it was adjudicated that he was not then suffering total disability within the terms of the contract.

Since the factual issues involved in the present case were not involved or passed upon in the municipal court proceedings, not only is the former judgment not res adjudicata but it cannot operate as a collateral estoppel to bar plaintiff from proceeding with this case. A judgment in a prior action between the same parties on a different cause of action operates as an estoppel only as to those matters in issue or points controverted in the former proceeding, upon the determination of which the finding or verdict was rendered: City of Philadelphia v. Ridge Ave. Passenger Ry. Co., 28 W.N.C. 106 (1891). If a particular point was not in issue or necessarily involved in the suit in which the judgment was rendered either on the face of the pleadings or in the sense of being actually decided in the case, the judgment in the former case raises no estoppel which bars a party from subsequently proceeding on a separate and distinct cause of action, notwithstanding both claims grow out of the same contract: Morrison v. Beckey, 6 Watts 349 (1837) ; Maloney & Co. v. Bartlett, 172 Pa. 284 (1896) ; Reading Co. v. Spink, 263 Pa. 445 (1919). See also 34 C. J. §1338, p. 932.

An examination of the record of the municipal court proceeding clearly indicates that the only factual question involved in that case was whether or not plaintiff was totally and permanently disabled during the six-month-period immediately following the accident. The issue of whether or not he was totally and permanently disabled during the succeeding 26-month-period was neither raised in the pleadings, nor in any sense adjudicated by the judgment in that case.

It may also be noted in passing that under the terms of the policies there is no requirement that permanent disability to warrant a recovery must immediately follow the accident or even that such disability be caused by an accident. By its policies, defendant agreed to pay disability payments if plaintiff became "totally and permanently disabled either physically or mentally, from any cause whatsoever" and without any time limitation except that such disability arise while the policy was in force.

Moreover, the instant case falls within the well established rule of law that "where a judgment is rendered for defendant on the ground of the nonexistence of some fact essential to plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact *subsequently* comes into existence": A. L. I. Restatement of the Law of Judgments, §54. See also Elliott v. Prudential Ins. Co. of America, 76 Pa. Superior Ct. 534 (1921) ; Lowry v. Atlantic Coal Co., 272 Pa. 19, 23 (1922). If, as has been adjudicated, plaintiff was not totally disabled during the six months immediately following the accident, and if, as he now alleges, he now is so disabled, the present disability must be regarded as a subsequent disability so as to bring this case within the principle.

Although neither the research of counsel nor our own has disclosed any Pennsylvania case applying the foregoing principles to actions on disability insurance policies, the problem has arisen in other jurisdictions

and the following cases furnish ample precedents for our decision: Eminent Household of Columbian Woodmen v. Bunch, 115 Miss. 512 (1917); Prudential Insurance Co. of America v. Zorger, 86 F. (2nd) 446 (1936); Berkowitz v. Equitable Life Assur. Soc. of U. S., 21 N. Y. S. (2nd) 206 (1940).

The evidence that plaintiff has offered to produce in these proceedings meets the objections noted by the Superior Court for refusing to allow plaintiff to recover for total disability during the period covered by the prior litigation. The Superior Court, in its opinion reversing the judgment of the municipal court and entering judgment for defendant, said, on the basis of the record then before it (p. 367):

"The loss of the hand has probably created a sense of frustration, and the constant consciousness of his inability to do all the things he had formerly done may have produced the desire to withdraw from all activity, and to do nothing. *Such a mental attitude might, if psychopathological, afford a basis for finding, under the terms of the policy, that an insured had become mentally disabled.* But there is not a particle of proof upon the record to support that hypothesis. Appellee's only reason for his inactivity, his disgust with the business, will not support a recovery for a total and permanent disability." (Italics supplied.)

Included in plaintiff's offer was a specific offer to show that "he is unable to get a job at his trade, would be useless industrially. . . . His attitude and condition of mind as a result of the accident are psychopathological and that assured was rendered . . . disabled from performing any work of any nature, manual, supervisory or otherwise".

For all of these reasons we are of the opinion that the trial judge erred in sustaining defendant's objection to plaintiff's offer of proof and in giving binding instructions for defendant. A new trial is therefore granted.