NORTHEASTERN GAS TRANSMISSION COMPANY *v.*
RALPH E. BRUSH ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 9—decided November 20, 1951

*Joseph L. Melvin, George F. Lowman, Robert C. Bell, William H. Makepeace, Daniel E. Brennan* and *Max R. Lepofsky,* for the appellees (defendants).

*David S. Day,* with whom were *Arthur C. Williams* and *Daniel F. Wheeler,* for the appellant (plaintiff).

JENNINGS, J.   The question to be decided is whether the denial of an application for immediate possession of property sought to be condemned for a natural gas pipe line is a final judgment subject to appeal under General Statutes, § 8003.

On May 26, 1950, Public Act No. 3 of the special session of March, 1950, was approved.   Cum. Sup. 1951, §§ 1072b-1078b.   It was effective from its passage.   It granted the power of eminent domain to any corporation organized for the purpose of constructing and operating a natural gas pipe line, subject to certain conditions set forth in the act, provided the corporation held a certificate of public convenience and necessity under the provisions of the Federal Natural Gas Act. The plaintiff is such a company.

On February 26, 1951, the plaintiff filed a petition under the act to secure by condemnation a right of way through property in Greenwich of Ralph E. Brush and Rose I. Chamberlain.   On June 11, 1951, an application for immediate possession was filed by the plaintiff against Brush and Chamberlain and the defendants in seventy-eight similar cases.   As nearly as can be ascertained from the file furnished to this court, there are seventy-nine separate actions seeking condemnation of property of the defendants named therein, but the parties have treated them as

one for the purpose of this proceeding. After a protracted hearing, the application was denied on July 17, and after some intermediate pleadings the plaintiff filed its appeal September 12. The motions to erase the appeal on the ground that the ruling was not a final judgment were filed September 21. There is no finding or judgment file. The case must be decided on the petition for condemnation, the application for immediate possession, its denial, and the relevant statutes.

Public Act No. 3 does not differ materially from General Statutes, §§ 7181 and 7182, relating to eminent domain, except for specific references to pipe lines. From it, and from the petition, it is apparent that a major operation is intended. The petition is for a thirty-foot permanent right of way for the construction, operation, maintenance and alteration of the line, with a temporary ten-foot strip on each side. Section 6 of the act (Cum. Sup. 1951, § 1077b) provides that the pipe must be laid at least twenty-four inches below the surface, and we take judicial notice of the fact that an interstate natural gas pipe line is of substantial size. The construction, maintenance and operation of the line will impose a heavy burden on the servient land.

The right of appeal is entirely statutory. *Bronson* v. *Mechanics Bank*, 83 Conn. 128, 133, 75 A. 709. The appeal statute, General Statutes, § 8003, provides for an appeal only from a "final judgment." The cases collected in Maltbie, Connecticut Appellate Procedure, §§ 6-9, show that the question what is a final judgment has frequently engaged the attention of this court. See also *Republic Natural Gas Co.* v. *Oklahoma*, 334 U. S. 62, 67, 68 S. Ct. 972, 92 L. Ed. 1212. A note in 48 Harvard Law Review 302, in speaking of the differing opinions as to what constitutes finality, states (p. 303) the dilemma rather neatly: "a policy against

delay in disposition, expense to litigants, and drain of judicial time conflicting with a desire to prevent undue hardship which may sometimes occur where a party must await the final disposition of a controversy below." In *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 31, 78 A. 587, it was said: "Any order or proceeding which disposes of the cause, and places the parties out of court, is final." This definition was amplified in *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.*, 108 Conn. 304, 307, 142 A. 838, as follows: "The test lies, not in the nature of the judgment, but in its effect as concluding the rights of some or all of the parties; if such rights are concluded, so that further proceedings after the entry of the order or decree of the court cannot affect them, then the judgment is a final judgment from which an appeal lies." This definition was approved in *State* v. *Kemp*, 124 Conn. 639, 643, 1 A. 2d 761, and in *Hiss* v. *Hiss*, 135 Conn. 333, 336, 64 A. 2d 173.

Section 5 of the Natural Gas Pipe Lines Act (Cum. Sup. 1951, § 1076b) in almost the identical words of General Statutes, § 7182, provides in part: "When at any stage of condemnation proceedings brought under this act it shall appear to the court or judge before whom such proceedings are pending that the public interests will be prejudiced by delay, said court or judge may direct that such corporation be permitted to enter immediately upon the property to be taken and devote it temporarily to the public use specified in said petition upon the deposit with said court of a sum to be fixed by said court or judge. . . . In case such petition should be dismissed or no award of damages should be made or the proceedings should be abandoned by such corporation . . . [the disposition of money deposited by the petitioner is provided for] the possession of such property shall be restored to the owner or own-

ers thereof." The application for immediate possession was brought under this section and, as stated above, its denial is the ground of appeal.

A rather strong case can be and has been made for the granting of the motion to erase. The result would be that the parties would remain in statu quo until the principal case is decided on the merits. It would require a holding that the ruling is not a final judgment. It necessarily follows that an order granting the application for immediate possession would not be a final judgment either and that the defendant property owners could not appeal therefrom. This would present a very different factual situation. It would be difficult to persuade a person whose valuable home had been destroyed to make way for a pipe line that the order permitting its destruction was not "final." Such a result should not be approved unless required by the clearest legal mandate.

A ruling is a final judgment if the rights of the parties are concluded so that further proceedings cannot affect them. *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 A. 838. This is true whether the ruling is made in an independent proceeding or is incidental to the main issue. The issue on which the ruling in the case at bar was based was whether immediate possession of the premises was necessary because the public interests would be prejudiced by delay. The main issue of the case was whether the act authorizing condemnation is constitutional. The distinction is apparent. The application for immediate possession was an independent proceeding finally decided by the ruling denying it, and no future proceedings could have any effect thereon. It follows that the ruling was a final judgment within the appeal statute. The following cases support this proposition directly or by analogy.

In *Housing Authority* v. *Pezenik,* 137 Conn. 442, 78 A. 2d 546, a similar application for immediate possession under § 7182 was described (pp. 446, 447) as a collateral proceeding. In *Sachs* v. *Nussenbaum,* 92 Conn. 682, 685, 104 A. 393, an application to dissolve an attachment was held to be entirely independent of the principal action and not incidental to it. An appeal from the order was considered on the merits. In *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A. 2d 173, an order that the defendant pay temporary alimony pendente lite was held (p. 336) to be a final judgment within the appeal statute on the ground that even if the defendant eventually prevailed he could not recover payments made thereunder. See also *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138; *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. Co.,* 69 Conn. 709, 714, 38 A. 792; *Enfield* v. *Hamilton,* 110 Conn. 319, 322, 148 A. 353; *McAuslan* v. *McAuslan,* 34 R. I. 462, 468, 83 A. 837.

In *Olcott* v. *Pendleton,* 128 Conn. 292, 22 A. 2d 633, we held that the dissolution of a temporary injunction was not a final judgment. The case is distinguishable. The proceeding leading to the order was not independent of the main proceeding, which sought a permanent injunction. It was an order purely interlocutory and one which did not finally determine the rights of the parties. In *Catlin* v. *United States,* 324 U. S. 229, 65 S. Ct. 631, 89 L. Ed. 911, also relied on by the defendants, the landowner's motions to vacate an order for immediate possession raised the same question which was in issue in the principal case, to wit, that the taking was not for a purpose authorized by the War Purposes Act.

The motion to erase the appeal is denied.

In this opinion the other judges concurred.