## THE CAIRO AND ST. LOUIS RAILROAD COMPANY

### *v.*

### JOHN MURRAY.

1. SUMMONS—*form of, in suits before justices of the peace.* The statute does not require a different form of summons, in a suit brought before a justice of the peace to recover penal damages, than in ordinary actions.

2. APPEALS—*from justices, must be tried on the evidence.* On the trial of an appeal from a justice of the peace, the rights of the parties are to be determined on the proofs, unless it appears, from the evidence, that the justice had no jurisdiction of the subject matter.

3. NEGLIGENCE—*liability of railroad company for stock killed from want of fence.* The mere fact that stock is running at large, in violation of statute, does not relieve railroad companies from liability for an injury to them, resulting from a neglect to fence their road, and no other negligence need be shown.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Messrs. SEARLS & BUTLER, for the appellant.

Mr. J. B. MAYHAM, and Mr. G. W. HILL, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The horse of appellee, being on the railroad track of appellant, was run upon and killed by an engine of appellant, at a point where the track was not fenced, and where, by the statute, the railroad company was required to have the same fenced. The horse was worth fifty dollars. Appellee recovered one hundred dollars damages, the statute giving, in such case, double the amount of actual damages.

The suit was begun before a justice of the peace. The summons does not indicate the character of the action, further than to say, "for a failure to pay him (appellee) a certain sum, not exceeding two hundred dollars." It is insisted that, under this form of summons, the claim for penal damages can not be allowed.

The statute does not specifically prescribe a different form of summons for such cases, and it is provided that, on trial of appeals from justices of the peace, "no exception shall be taken to the form or service of the summons, * * * but the court shall hear and determine the same * * * according to the justice of the case." (R. S. 1874, sec. 72, chap. 79, p. 648.)

It is also insisted that, by sec. 75 of chap. 114, R. S. 1874, no action can be maintained for a violation of that statute except in the name of the people. That section, by its terms, is confined to actions to recover *fines*, and has no reference to the mode of recovering *damages* under section 37 of the act.

It is also insisted that plaintiff can not recover, because his horse was running at large, when, by the statute, it was unlawful for plaintiff to permit his horse to run at large. It would seem, from the proof, that this horse, at the time, was, in fact, running at large.

The statute in relation to the running at large of horses and other stock was enacted March 30, 1874. The statute in rela-

tion to the liability of railway companies for a failure to fence their roads was enacted March 31, 1874. No exception is made, in the latter act, as to horses running at large. The mere fact that stock is running at large in violation of that statute, does not relieve railroad companies from liability for stock injured, where the company fails to fence as required by statute. *Ewing* v. *Chicago, Alton and St Louis Railroad Co.* 72 Ill. 25. It is difficult to conceive any good to be accomplished by having the railroad fenced, unless it be to prevent roaming domestic animals from receiving injury.

It is also insisted that the proof does not show appellant guilty of negligence. The ground of recovery, under this statute, is, the fault of the railroad company in failing to build the fences required. No other fault, in such case, need be shown.

The judgment must be affirmed.

*Judgment affirmed.*