# The Cairo and St. Louis Railroad Co.

## *v.*

## James Woosley.

1. PRACTICE—*proof of title to land, without objection.* In trespass for injury to land, if the plaintiff is allowed to testify to his purchase and ownership of land without objection, this will be sufficient evidence of title in him to maintain the action. Objection to such evidence comes too late in this court.

2. RESPONDEAT SUPERIOR—*liability of railway company for tortious acts of men employed by contractor.* A railway company is liable for the trespass of hands employed by its contractors while engaged in the construction of its road, and where the fact appears that the trespass consists in entering upon the plaintiff's land and digging up the soil, and making embankments, it is not error to refuse evidence that the company had nothing to do in employing the hands doing the work, but that they were employed and paid by the contractors.

3. POSSESSION—*where it extends to whole tract.* Where ownership of land is proven in a party, it will extend to and embrace the entire tract, although proof is made by parol evidence, if given without objection.

4. TRESPASS—*when it lies.* A party, by virtue of his ownership of land, can maintain trespass against an intruder upon the same, where there is no adverse possession.

5. EVIDENCE—*opinion as to damages.* In trespass against a railway company for an unauthorized entry upon the plaintiff's land, and digging up the soil, erecting embankments, and obstructing water courses so as to flood the land, where witnesses first state that they have personal knowledge of the injuries, and detail their character, it is then competent to receive their opinions as to the amount of the damages sustained.

6. NEGLIGENCE—*liability for stock killed where road is not fenced.* The fact that the owner of stock permits it to run at large, in violation of the

act prohibiting domestic animals from running at large, does not relieve railroad companies from their duty to fence their roads, or their liability for stock injured in consequence of their failure to do so.

7. In a suit against a railroad company for stock killed or injured in consequence of its neglect to fence its road, where it appears such stock were permitted to run at large in violation of law, the question whether the owner has been guilty of contributory negligence in permitting them to run at large, is one of fact, to be determined by the jury from the circumstances of the case.

8. Same — *contributory from letting stock run at large.* To charge the owner of stock, killed by a railroad company on its unfenced track, with contributory negligence in allowing it to run at large contrary to law, it must appear he did so under such circumstances that the natural and probable consequence of doing so was, that the stock would go upon the railroad and be injured.

9. Same—*burden of showing contributory negligence.* In a suit by an owner of stock suffered to go at large contrary to law, against a railroad company, to recover damages for killing or injuring the same in consequence of its track being unfenced, the burden of showing contributory negligence on the part of the plaintiff, where it does not otherwise appear, is upon the railroad company.

Appeal from the Circuit Court of Jackson county; the Hon. Monroe C. Crawford, Judge, presiding.

Mr. L. P. Butler, for the appellant.

Mr. J. B. Mayham, and Mr. G. W. Hill, for the appellee.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

This was an action by appellee, against appellant, for entering upon eighty acres of his land, cutting down and carrying away trees and saplings thereon growing, digging up the soil, and erecting an embankment thereon for a road way, and changing and obstructing water courses so as to flood the land, etc.; and, also, for negligently killing a cow and a yearling calf, the property of appellee.

It is insisted there should have been no recovery on account of injuries to the land, because the proof fails to show either title or an actual possession by appellee.

Appellee, on his examination as a witness, testified, without objection on the part of appellant, that he owned the land, describing the tract by reference to the government surveys; that he bought it in 1871, of the Illinois Central Railroad Company, and went into possession of it, and has owned it ever since. This, unobjected to, was sufficient evidence of title. If appellant desired to question the admissibility of the evidence, it should either have objected to its introduction, or have moved to exclude it from the jury. Appellee, by the course pursued, was authorized to assume that his title to the property was not contested, and to allow the question of the sufficiency of the proof on that point now to be raised for the first time, would be in direct contravention of repeated rulings of this court.

During the progress of the trial, appellant's counsel asked a witness: "In whose employ were the parties who did the work in building and operating the road from Murphysboro to East St. Louis, prior to September 16, 1873?" Appellee, by his counsel, objected, and the court sustained the objection, and refused to allow the witness to answer the question. Appellant's counsel then offered to prove, by the witness, "that prior to September 16, 1873, the defendant had nothing to do with employing hands or paying them, or performing any work on the Cairo and St. Louis Railroad, but that H. R. Payson & Co., who were the contractors for building the road, had the entire charge and management of the employing all hands, and did all work in building the road from Murphysboro to East St. Louis, and that H. R. Payson & Co., on the 16th of September, 1873, turned over to the corporation, the Cairo and St. Louis Railroad Company, the portion of the road completed from Murphysboro to East St. Louis;" but the court ruled the evidence inadmissible, and refused to permit it to go to the jury.

It is insisted that the evidence should have been received, because the parties who did the work over appellee's land might have acted without any authority from appellant.

This hypothesis is completely excluded by the phraseology

of the question, and the statement of the proof offered to be given. Both show that the work over appellee's land was done by those who were acting for and under the authority of appellant, and bring the question within the ruling in *Hinde* v. *The Wabash Navigation Company*. 15 Ill. 72, and *Chicago, St. Paul and Fond du Lac Railroad Company* v. *McCarthy*, 20 id. 385.

The objection taken to the giving and refusing of instructions, on the ground that the evidence fails to show actual possession of the whole tract, is untenable.

Parol evidence proving title having been given without objection, it must be taken as full proof of ownership in appellee; and no one being in the adverse possession, he is, by virtue of his ownership alone, entitled to maintain trespass against an unauthorized intruder upon the land. *Cook et al.* v. *Foster*, 2 Gilm. 652; *Wilcox* v. *Kinzie*, 3 Scam. 218.

Objection is also urged, that witnesses were allowed to give their opinions of the amount of damages sustained. The witnesses first stated that they had personal knowledge of the alleged injuries on which the claim for damages is based, and detailed their character. It was then competent to receive their opinions as to the amount of the damages sustained. *Cooper* v. *Randall et al.* 59 Ill. 317; *Keithsburg and Eastern Railroad Co.* v. *Henry*, 79 id. 290.

The evidence upon the question of damage to the land, is more or less conflicting, and not so satisfactory as we could wish; still, we are not prepared to say that the finding of the jury is so clearly and palpably contrary to the weight of it as to justify us in reversing the judgment.

The only remaining question discussed, is settled against appellant by *Ewing* v. *The Chicago and Alton Railroad Co.* 72 Ill. 25. Appellant insists that § 1, chap. 8, Rev. Stat. 1874, prohibits the owner from suffering his cattle to run at large, and that, therefore, before appellant can be made liable for killing the cow and calf, it must be proved that the killing resulted from the negligence of appellant's employees in operating its train. In the case cited, we held, the fact that

the owner of stock permits it to run at large, in violation of the act prohibiting domestic animals from running at large, does not relieve railroad companies from their duty to fence their roads, or their liability for stock injured in consequence of their failure to do so; that, in a suit against a railroad company for stock killed or injured in consequence of the neglect of the company to fence its road, where it appears such stock was permitted to run at large in violation of law, the question whether the owner has been guilty of contributory negligence in permitting them to run at large, is one of fact, to be determined by the jury from the circumstances of the case, and that it is not sufficient to charge a plaintiff with contributory negligence, in a suit against a railroad company for injury to stock, to simply show that the owner permitted the stock to run at large in violation of law; but it must appear that he did so under such circumstances, that the natural and probable consequence of doing so was, that the stock would go upon the railroad track and be injured.

The burden of showing contributory negligence in such cases, where it does not appear otherwise, is upon the railroad company; and there is no evidence before us tending to prove such negligence. It does not appear how the cow and calf came to be out of appellee's inclosure, or that he had any knowledge, before they were injured, that they were out.

We are of opinion there is no substantial error in the record, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*