## Atchison, T. & S. F. R. R. Co. v. John Cupello.

1. RAILROADS—*Liability for Killing Domestic Animals.*—Because the owner of a domestic animal permits it to run at large in violation of law, a railroad company is not necessarily relieved from liability in killing it by its train, which is at the time operated in violation of law.

2. CONTRIBUTORY NEGLIGENCE—*Allowing Domestic Animals to run at Large.*—Whether the owner of domestic animals is guilty of contributory negligence in permitting them to run at large is a question of fact for a jury, to be determined from the circumstances of the case, and it is not sufficient to charge him with contributory negligence, to simply show that, at the time they were killed, they were running at large in violation of law. It must appear that the natural and probable consequences of allowing such animals to run at large would be to go upon the railroad track and be injured.

3. ORDINANCES—*When Admissible in Evidence.*—A village ordinance contained in a printed book of revised ordinances, purporting to

be published by authority of the board of trustees, is admissible in evidence under section 65, chapter 24, R. S.

4. SAME—*Sufficient Enacting Clause—When Published in Book Form.*—It is sufficient if the first section of the first chapter of a printed book of revised ordinances, purporting to be published by authority, is styled " Be it ordained by the president and board of trustees of the village of————," as required by section 187, chapter 24, R. S.

**Trespass on the Case.**—Killing domestic animals. Error to the Circuit Court of Grundy County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

S. C. STOUGH and E. A. BANCROFT, attorneys for plaintiff in error.

WILLIAM MOONEY, attorney for defendant in error. ·

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was a suit to recover the value of a cow killed by a freight train running upon defendant's railroad through the village of Coal City at a greater rate of speed than allowed by ordinance of the village. There was a recovery for $40 and costs.

The proof is clear that the train was running at the rate of fifteen miles per hour, while the ordinance limited the speed of such trains to eight miles per hour, and that the cow was killed by the train.

The suit was defended upon the ground that the cow was running at large in violation of law, and that for that reason there was such contributory negligence upon the part of the plaintiff as to preclude a recovery.

It appears from the proof that plaintiff was pasturing his cow at a pasture some 600 yards from his residence; that she was milked by the plaintiff's wife at the residence early in the morning and that before being returned to the pasture she was allowed to wander off upon the railroad, some 200 yards distant, where she was killed.

It is earnestly contended that the *prima facie* case made against the defendant by showing that the cow was killed

by a train running within the corporate limits of the village at a greater rate of speed than that fixed by ordinance is entirely overcome by proof that the cow was running at large in violation of a statute of the State.

Such contention is not in harmony with the decisions of our Supreme Court. Because the owner of cattle permits them to run at large in violation of law, a railroad company is not necessarily relieved from liability in killing them by its trains which are at the time operated in violation of law. C. & N. W. Ry. Co. v. Harris, 54 Ill. 528; Ewing v. C. & A. R. R. Co., 72 Ill. 25; R. R. I. & St. L. R. R. Co. v. Irish, Id. 404; C. & St. L. R. R. Co. v. Murray, 82 Ill. 76; C. & St. L. R. R. Co. v. Woosley, 85 Ill. 370.

Whether the owner is guilty of contributory negligence in permitting them to run at large, is a question of fact to be determined by the jury from the circumstances of the case, and it is not sufficient to charge him with contributory negligence to simply show that at the time they were killed they were running at large in violation of law. It must appear from the evidence and circumstances that the natural and probable consequences of allowing the stock to run at large would be that they would go upon the railroad track and get injured.

While some of the instructions for the plaintiff are somewhat faulty in ignoring the fact that the cow was at large, and was, through the act of the plaintiff, permitted to go upon the railroad track, that feature was made so prominent in the very liberal instructions given for the defendant, that we can not believe the jury lost sight of it.

There is nothing in the contention that the ordinance was invalid and not admissible in evidence, for the reason that it was not styled " Be it ordained by the president and board of trustees of the village of  *  *  *  " as required by Sec. 187, Ch. 24, R. S.

The record shows that the ordinance was contained in a printed book of revised ordinances purporting to be published by authority of the board of trustees. As such it was admissible under section 65, Ch. 24, of Hurd's Revision of the Statute. Judgment affirmed.