## George T. Jarvis, Receiver, v. Daniel W. Bradford.

1. STATUTES—*Repeal by Implication—Contributory Negligence.*—The law prohibiting domestic animals from running at large does not, by implication, repeal or nullify any of the provisions of the act requiring railroad companies to erect and maintain fences on the sides of their roads, and it is a question of fact, to be determined by the jury, from all the circumstances in evidence, whether the act of the owner, in permitting his animals to run at large in violation of the law, is contributory negligence.

2. VERDICTS—*Not Always to be Set Aside When There is Contrariety of Evidence.*—A verdict will not be set aside when there is a contrariety of evidence, if the facts and circumstances by fair and reasonable intendment will authorize it, notwithstanding it may appear to be against the strength and weight of the testimony.

**Action in Case,** for killing domestic animals. Appeal from the Circuit Court of Wayne County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1899. Affirmed. Opinion filed March 16, 1900.

CREIGHTON, KRAMER & KRAMER, attorneys for appellant.

HANNA & HANNA, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit, commenced before a justice of the peace in Wayne county, by appellee against appellant, to recover for loss of a colt, killed on appellant's railroad by an engine and cars operated thereon, by appellant. After judgment in the justice's court, the case was appealed to the Circuit Court, where trial was had by jury, resulting in a verdict and judgment in favor of appellee.

The colt was killed on the night of June 27, 1895. Appellee was allowing it to run at large at the time. The cattle guard complained of was at a crossing of a public highway, and about a mile from the residence of appellee.

The principal question of law involved in this appeal is, as to the effect of appellee's act in allowing the colt to run at large.

Whether the law restraining such animals from running at large was in force in the county and township where the colt was killed, at the time, is not clear from this record. Assuming that it was in force, and that appellee was allowing the colt to run at large in violation of that law, appellant's counsel contend that such act was negligence *per se* on the part of appellee; that it was such act of contributory negligence, in law, as to bar all right of recovery for the killing of his colt. They rely for support of this position wholly upon the case of The Peoria, Pekin and Jacksonville Railroad Company v. Champ, 75 Ill. 577. It must be admitted that the argument of the opinion in that case leads to the conclusion contended for here, by counsel for appellant, and that the judgment reached by the court upon the facts before it in that case is not fully consistent with any other theory of law. This question had been at least three times under consideration by our Supreme Court before the opinion in the 75th Ill. was written. In C. & N. W. R. R. Co. v. Harris, 54 Ill. 532, the court says :

" It is also urged that appellee was so far in fault in permitting his horses to run at large, when prohibited by the statute, that he should not be permitted to recover. It is manifest that he had not observed the law in that respect. * * * But while it is a violation of law to permit them to be at large, the company were violating another law in permitting the gate to remain open. * * * It may be appellee was liable to answer to whoever might prosecute, for breach of the statute he had violated, but that did not relieve appellants from the duty under the statute, that required them to prevent stock from getting upon their road. Because appellee may have violated another law, the company were not at liberty to omit their duty and thereby kill appellee's horses."

In Ewing v. C. & A. R. R. Co., 72 Ill. 25, the court says :

" It is not sufficient to say that the act of permitting her (the cow) to run at large contributed to the act, merely because if she had been kept within an inclosure she could not have gone upon the track, for the same logic would prove the plaintiff guilty of contributory negligence by the simple act of owning a cow. It is the proximate, and not the remote cause that is to be considered. This, then, is

Jarvis v. Bradford.

purely a question of fact   *   *   *   to be determined by the jury from all the evidence; and the court in stating that permitting the cow to run at large, contrary to law, was negligence, clearly usurped the province of the jury."

In R. R. I. & St. L. R. R. Co. v. Irish, 72 Ill. 404, the court says:

" The law prohibiting domestic animals from running at large   *   *   *   does not, by implication, repeal or nullify any of the provisions of the act   *   *   *   requiring railroad companies to erect and maintain fences on the sides of their roads, and it is a question of fact, to be determined by the jury, from all the circumstances in evidence, whether the act of the owner, in permitting his animals to run at large in violation of the law, is contributory negligence."

Since the case referred to in 75th Ill., our Supreme Court has twice had the question before it for determination.   In Cairo & St. Louis R. R. Co. v. Murray, 82 Ill. 76, the court says:

" The mere fact that stock is running at large in violation of the statute, does not relieve the railroad companies from liability for stock injured, where the company fails to fence as required by statute."

And in Cairo & St. Louis R. R. Co. v. Woosley, 85 Ill. 370, all that is above quoted is again held, and in addition thereto the court says:

" The burden of showing contributory negligence in such cases, where it does not appear otherwise, is upon the railroad company."

In all the cases we have found, where the question has been under consideration by the Appellate Courts of this State, they have uniformly followed the cases above quoted from.   The opinion in the case in 75th Ill. relied on by appellant, makes no reference to the preceding cases, and is not a well considered case.   It is out of line with the prevailing authority in this State, and can not be accepted as law to control the action of the courts in other cases.

It is contended that the court erred in refusing to allow a certain witness to answer the following question:

" Q.   You may now state to the jury whether or not, in

your opinion, this cattle guard was suitable and sufficient to prevent ordinary horses from crossing the same ? "

The statute requires a railroad company to erect and maintain a suitable and *sufficient* fence.   In C. & A. R. R. Co. v. Utley, 38 Ill. 410, our Supreme Court holds:

"A   *   *   *   sufficient fence must be not merely one which will turn ordinary stock   *   *   *   but one that will turn stock even though, to some extent, unruly."

Without discussing whether or not the witness was shown to be an expert, it is sufficient to say that the question, as put, falls short of the law, as to the character of cattle guard it was appellant's duty to erect and maintain.   One that would merely "prevent ordinary horses from crossing the same," is not sufficient.   The question as put was not material to any proper issue in the case.

It is further contended that the court erred in refusing to give on behalf of appellant the following instruction :

" The court instructs the jury, that if you believe from the evidence in this case that the cattle guard in question was, at the time in question, maintained in a suitable condition to prevent ordinary horses from crossing the same, and that the colt in question, at the time in question, passed over the same, then the plaintiff in this case can not recover, and you should find for the defendant."

This is in substance the same as was the fourth instruction complained of in C. & A. R. R. Co. v. Utley, which the court there held properly refused, and concerning which, said, as above quoted, "A   *   *   *   sufficient fence must be not merely one which will turn ordinary stock," etc. The objections urged against the second and third instructions given on behalf of appellee are not, in our judgment, well founded in fact, and raise no controverted question of law not herein discussed; therefore we feel justified in proceeding without stopping to discuss them here.

The only question of fact seriously contested on the trial was as to the sufficiency of appellant's cattle guard at the place where the colt went upon the railroad.

Appellant's counsel earnestly contend that the verdict is against the weight of the evidence.   There is a contrariety

Jarvis v. Bradford.

and a direct conflict in the evidence as to the condition and sufficiency of the cattle guard, but there is an abundance of evidence to support the verdict. In I. C. R. R. Co. v. Gillis, 68 Ill. 317, the court says:

" If any rule of this court can be so well established as to be neither questioned nor require the citation of authorities to support it, it is that a verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by fair and reasonable intendment will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony."

This is the true rule, and is as binding now, upon the Appellate Court, as it ever was upon the Supreme Court. We have quoted the same authority, and discussed this question at considerable length in our opinion in the case of Phœnix Insurance Co. v. Mills, filed at the present term of court. We find no substantial error in this record.

The judgment of the Circuit Court is affirmed.