Joseph Robinson and Judson Harmon, Receivers, etc.,
v. R. and M. Kirkwood.

1. RECEIVERS OF RAILROADS—*Amenable to the Same Liability as Their Companies.*—A receiver of a railroad who is exercising the franchises of such company and operating its roads, is, in his official capacity, amenable to the same rules of liability that are applicable to the company when it is operating its road by virtue of the same franchises.

2. SAME—*Actions for Killing Domestic Animals.*—Where domestic animals are killed by a railroad at a time when it is being operated by a receiver, no leave of court appointing the receiver is necessary before bringing suit; but where such animals are killed before the appointment of such receiver, leave of the court to bring suit must be obtained.

3. ATTORNEYS' FEES—*In Suits Against Receivers for Domestic Animals Killed.*—In an action against receivers of railroads for killing domestic animals, it is within the sound discretion of the court to allow competent evidence as to attorneys' fees to be introduced at any time before the case is submitted to the jury.

4. JUDGMENTS—*Form of, When Against Receivers.*—The judgment against a receiver must be entered against him as receiver, to be paid

Robinson v. Kirkwood.

in the due course of the administration of his trust as such. A personal judgment can not be entered against a receiver nor can execution be awarded against him personally.

5. APPELLATE COURT PRACTICE—*Where Error Occurs After the Overruling of the Motion in Arrest.*—Where no error intervenes up to and including the overruling the motion for a new trial and in arrest of judgment there is no occasion for awarding a *venire facias de novo.*

**Action for Killing Domestic Animals.**—Appeal from the Circuit Court of Lawrence County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1900. Judgment modified and affirmed. Opinion filed September 8, 1900.

GEE & BARNES, attorneys for appellants.

McGAUGHEY & MADDING, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action by appellees against appellants, commenced before a justice of the peace in Lawrence county, to recover damages for a hog killed by the engine and cars of the railroad, of which appellants are receivers. Trial was had before the justice and the case appealed to the Circuit Court, where it was again tried, resulting in a verdict and judgment in favor of appellees for $40.50. Of this sum $18 is for attorneys' fees, incurred by appellees in prosecuting the case.

Counsel for appellants contend that the statute does not afford a remedy against the receivers for injury to stock by reason of a failure to fence the track.

Section 2 of the act of Congress of March 3, 1887, provides as follows:

"That whenever, in any cause pending in any court of the United States, there shall be a receiver or manager in possession of any property, such receiver shall manage and operate such property according to the requirements of the valid laws of the State in which such property shall be situated, in the same manner the owner or possessor thereof would be bound to do if in possession thereof."

And section 3 of the act provides:

"Every receiver or manager of any property, appointed

by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

And in McNulta, Receiver, v. Lockridge, 137 Ill. 270, our Supreme Court says:

"A receiver of a railroad company, who is exercising the franchises of such company and operating its road, is, in his official capacity, amenable to the same rules of liability that are applicable to the company when it is operating the road by virtue of the same franchises."

Appellants insist that the hog was killed before their appointment as receivers of the road, and that leave to bring the suit was not obtained from the court appointing the receivers.

Appellants were sued in their capacity as receivers, and in that capacity appeared and defended. Upon the trial in the Circuit Court, one of appellees testified that he was under the impression that at the time the hog was killed the road was being operated by the receivers, but that he did not remember how he got that impression. The abstract does not show that any exception was taken to this testimony, nor that any motion was made to exclude it. This testimony was in no way contradicted nor denied. There is no evidence in this record tending to show the date of appointment of the receivers, nor the date of their taking the management and control of the road. If the hog was killed at a time when the road was being operated by the receivers, as we must presume from this record it was, then no leave of the court appointing the receivers was necessary before bringing the suit. If the hog was killed before the appointment of the receivers, then the commencement of a suit against the receivers, to recover for it, without first obtaining leave of the court in which the receivers were appointed, would be contempt of that court; but no

such question was raised in the trial court and can not now be heard in this court.

After the close of the testimony and argument, the court, over objections of appellants, permitted appellees to make proof of attorneys' fees. This is urged as error.

It is within the sound discretion of the court to allow competent evidence to be introduced at any time before the case is submitted to the jury. Without the exercise of such power the grossest injustice would sometimes be done. Appellate courts will not review the exercise of this power by trial courts, unless it clearly appear that the power has been abused to the manifest prejudice of the party complaining. It does not so appear in this case.

The evidence shows that the hog had escaped from the lot in which it was kept on appellees' premises, and was at large prior to its being killed by the train. Appellants contend that allowing it to be so at large was such contributory negligence on the part of appellees as to preclude any recovery. As we view the evidence disclosed in the record this position is not well founded. We have recently had this question under consideration in this court, in two cases, in which we discussed the subject at length. The cases are: Jarvis, Receiver of the L. E. & St. L. Consolidated R. R. Co. v. Bradford, 88 Ill. App. 685; and Rabberman v. Hunt, Receiver of the T., St. L. & K. C. R. R. Co., 88 Ill. App. 625.

It is further contended that the court erred in permitting appellees to prove where the hog was lying when found, after it had been killed, and that the evidence does not show that the hog went upon the right of way at a place where appellants were required by law to fence the track. There was no error in admitting the evidence complained of, and the evidence abundantly shows that the condition of the fence and cattle guard in the immediate vicinity were not such as to meet the requirements of the statute, and were such as to permit and invite the hog to enter. The jury was justified in inferring from all the evidence that the hog did enter at one of those places, and if at either, it is not material which. The evidence directly shows that

this place was not within the corporate limits of any city or village, nor in any place laid out into lots and blocks. The inference that the hog was not killed at a public crossing nor on the public highway is warranted from the conditions shown by the evidence, and this is also true as to the length of time the fence had been in its then defective condition.

Counsel say in their argument that the record does not show proper organization of the court, but appellants' abstract of the record discloses no defect in the organization of the court, nor do they anywhere point out to us wherein the record fails to show such proper organization.

Finally, it is demanded that this case shall be reversed because the judgment rendered by the trial court is a personal judgment, and awards execution against appellants.

It is true no personal judgment could be rendered against the receivers, nor could execution be awarded against them. The judgment should be entered against them as receivers and be made payable in due course of administration of their trust, as such receivers, but as no error had intervened up to and including the overruling of appellants' motion for new trial and in arrest of judgment, no occasion exists for awarding a *venire facias de novo*. In such cases it is our duty to enter the proper judgment in this court. The form of the judgment will be modified in the respects indicated, and will in all things else be affirmed. It is therefore ordered and adjudged by this court, that appellees, R. and M. Kirkwood, have and recover of and from appellants, Joseph Robinson and Judson Harmon, receivers of the Baltimore and Ohio Southwestern Railway Company, the sum of forty dollars and fifty cents, and all their costs and charges in this behalf expended, to be paid by said receivers in due course of administration of their said trust as such receivers, and that this judgment be duly entered upon the records of this court. It is further ordered that the clerk of this court certify a copy of this judgment to the clerk of the Circuit Court of Lawrence County.

Judgment of the Circuit Court as modified herein affirmed.