GEORGE L. MAYBERRY, executor, *vs.* CHARLES H. SPRAGUE.

Middlesex.   March 10, 1908. — June 16, 1908.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract,* Performance and breach, Rescission. *Assignment.   Practice, Civil,* Demurrer, Plea in abatement.

The payee of a promissory note secured by a mortgage of personal property brought an action of contract against the maker and attached by trustee process various accounts due to the maker. The maker thereupon made an assignment for the benefit of his creditors to one who, in order to release the accounts attached, personally agreed in writing with the payee of the note that the payee "does hereby sell, assign and set over" to the assignee the promissory note and the mortgage, and authorized the assignee to discontinue the action which the payee had brought against the maker, and, "in consideration thereof," the assignee personally agreed to pay the payee the amount of the note. The trustees in the action brought by the payee thereupon were discharged, and the assignee pro-

cured from them the amounts which had been due his assignor, but, the payee not first delivering the note and mortgage to him, the assignee refused to pay the amount thereof to the payee, and an action was brought against the assignee on the contract to enforce such payment. The defendant in his answer claimed damages in recoupment because of the failure of the plaintiff to deliver the note and mortgage to him, but at the trial offered no evidence of any such damage, but admitted that he had not paid the plaintiff, and the presiding judge directed a verdict for the plaintiff. *Held,* that the verdict was directed properly, since by the terms of the agreement the title to the note and mortgage and the right to proceed under them were transferred to the defendant and therefore delivery of the note and mortgage to him was not a condition precedent to the plaintiff's right to recover on the contract, and, the defendant not being able to place the plaintiff *in statu quo,* he had no right to rescind the contract, but must perform it.

An objection that an action of contract upon an agreement in writing improperly is brought against one " as assignee of " another " for the benefit of creditors " instead of against the defendant individually, the declaration showing that the agreement was made by the defendant in his individual capacity, should be taken by plea in abatement or by demurrer, and cannot effectually be raised at a trial of the action.

CONTRACT upon the agreement in writing between the plaintiff's testator, Henry G. Houghton, and the defendant, personally, which is described in the opinion. Writ in the Superior Court for the county of Middlesex dated April 27, 1906.

The writ directed the sheriff to " attach the goods and estate which were of . . . Hapgood and . . . Long, . . . in the hands and custody of Charles H. Sprague . . . assignee for the benefit of creditors of said . . . Hapgood and . . . Long " and to summon " the said Charles H. Sprague as he is assignee as aforesaid " to appear at the next term of the court. The contract annexed to the declaration was between the plaintiff's testator and the defendant acting in a personal capacity. There was no demurrer or plea in abatement.

The defendant in his answer admitted the allegations of fact in the declaration (which are the facts stated in the opinion), but denied liability because the plaintiff's testator never had tendered or delivered the note and mortgage therein mentioned to the defendant; and also alleged that the defendant was entitled to damages in recoupment because of the failure of the plaintiff to deliver the note and mortgage.

There was a trial before *Stevens,* J., who, as stated in the opinion, directed a verdict for the plaintiff, and the defendant excepted.

*C. H. Sprague, pro se*, submitted a brief.

*W. V. Taylor*, for the plaintiff.

MORTON, J.   This is an action of contract to recover upon a written agreement entered into between the defendant and the plaintiff's testator.   The presiding judge directed a verdict for the plaintiff and the case is here on the defendant's exceptions to that ruling.

The plaintiff's testator, one Houghton, had a note for $3,000, secured by a chattel mortgage.   The note and mortgage were made by Everett E. Hapgood and Swift N. Long, copartners under the firm name of Hapgood and Long Company.   Houghton brought suit on the note and trusteed funds of the Hapgood and Long Company in the hands of Thomas E. Turnbull, Rudolph F. Haffenreffer, and the Massachusetts Loan and Trust Company.   Thereafter the Hapgood and Long Company made an assignment to the defendant for the benefit of their creditors of all their book accounts, bills and notes receivable and choses in action, together with their books of account.   The assignment included accounts due from one or more of the trustees and the agreement recites and provides amongst other things that " whereas it is claimed by the said Hapgood and Long Company that the account due from said Turnbull is upwards of fourteen hundred dollars ($1400), but the same is disputed by the said Turnbull,

" Now therefore, in order to facilitate a settlement with or to expediate legal proceedings against said Turnbull, and in order to facilitate a settlement between the said Houghton and the said Hapgood and Long, It is agreed as follows, to wit:

" The said Houghton does hereby sell, assign and set over to the said Sprague, said promissory note of three thousand dollars ($3000), and the mortgage collateral thereto, and has authorized the said Sprague to discontinue said action brought by the said Houghton against said Hapgood and Long, or to prosecute the same in the name of him the said Houghton, but without expense to him, and

" In consideration thereof the said Sprague promises and agrees to pay the said Houghton from the funds that shall be collected from the said Turnbull, the sum of thirteen hundred and seventy-five dollars ($1,375); and if so much as thirteen

.hundred and seventy-five dollars ($1,375) shall not be collected from said Turnbull, then the said Sprague is to make up the difference from other funds belonging to him as assignee as aforesaid."

Upon the execution of this agreement, the trustees in the suit brought by Houghton were discharged, and the defendant received from Haffenreffer and the Massachusetts Loan and Trust Company the amounts due Hapgood and Long, and later collected from Turnbull $1,000, which, with other funds received by him under the assignment, was sufficient to pay the $1,375 called for by the agreement. Demand was made upon the defendant for payment of the same, and upon his neglecting or refusing to pay, this suit was brought. Houghton refused to deliver to the defendant the note and mortgage, and the defendant has received neither. At the trial the note and mortgage, without any indorsements or transfer thereon from Houghton or any one else, were tendered to the defendant by the plaintiff, and the defendant declined to accept them. The property covered by the mortgage has been sold and scattered by one Gifford, and cannot be found; and no substantial part of the note can be collected from the maker.

The defendant contends in effect that Houghton's refusal to deliver the note and mortgage to him constituted such a breach of the agreement as to release him from any liability thereunder. He does not offer to put the plaintiff *in statu quo* for the reason evidently that he cannot do so. If the agreement had been simply that, upon transfer and assignment to him by Houghton of the note and mortgage, the defendant should pay him $1,375 in the manner provided, and Houghton had refused to assign and transfer the note and mortgage, it is clear that the assignment and transfer of the note and mortgage or a tender of the same would have been a condition precedent, and, unless and until such assignment and transfer had been made or tendered, no action could have been maintained by Houghton or his representative upon the agreement to recover the $1,375. But that was not the agreement. By the agreement Houghton sold and assigned the note and mortgage to the defendant and agreed to give up to him control of the suit which he, Houghton, had brought and that the trustees should be discharged in order

that the defendant might collect from them the amounts due from them to Hapgood and Long. All that has been done, and the defendant has collected of the trustees the amounts due from them to Hapgood and Long. What has become of the suit does not appear. Manifestly the defendant could not put Houghton *in statu quo*, and, as the case stood, the only remedy which he had was to recoup in damages for the refusal by Houghton to deliver the note and mortgage. *Marston* v. *Singapore Rattan Co.* 163 Mass. 296. By the agreement "Houghton does hereby sell, assign and set over to the said Sprague said promissory note of three thousand dollars ($3,000), and the mortgage collateral thereto." This operated of itself to transfer to the defendant the title to the note and mortgage. We assume in favor of the defendant that Houghton, if required to do so, was bound to perfect the title by a delivery of the note and mortgage thus conveyed, and that if the defendant sustained any damage in consequence of his refusal or neglect to do so the defendant could recoup the same in this action. But it did not appear, and the defendant did not offer to show, that he had sustained any such damage. On the contrary he stated to the court in substance that as to the note he could not show that it had any value, and that he did not care to go to the jury in regard to the matter of recoupment, so far as the note was concerned. As to the mortgage there was nothing to show that he could not have foreclosed it by proper proceedings and taken possession of the property, or that the property had been sold and scattered by Gifford in consequence of the neglect or refusal of Houghton to deliver the mortgage to the defendant, or to execute a more formal transfer of it, or that the defendant had suffered any damage in any way through Houghton's refusal to deliver the mortgage to him. There being nothing to show that the defendant had sustained any damage in consequence of the refusal of Houghton to deliver the note and mortgage to him, the court rightly directed a verdict for the plaintiff for the full amount claimed.

The objection that the action was improperly brought against the defendant as assignee should have been taken by plea in abatement or demurrer.

*Exceptions overruled.*