## J. W. Landgrabe, Appellee, v. Wabash Railroad Company, Appellant.

ANIMALS—*what no defense to action against railroad company for killing cattle.* While it is unlawful for a person to permit or allow stock to run at large upon the public highway, the violation of the statute which prohibits this is no defense in an action against a railroad company to fence its right of way in accordance with the requirements of the statute.

Action commenced before justice of the peace. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

E. J. MILLER, for appellant.

F. M. HARBAUGH, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff against defendant to recover damages for the killing of stock upon defendant's right of way. The negligence alleged in the declaration is a failure to fence the right of way as required by the statute and that by reason of such failure stock belonging to the plaintiff was killed upon defendant's right of way. Trial below resulted in a judgment against defendant for $150 damages for the stock killed and $25 attorney's fees.

The right of action is based upon the provisions of paragraph 62, chapter 114, Hurd's Revised Statutes, 1909. The action was originally brought before a justice of the peace, before whom defendant did not appear but appealed to the circuit court. Paragraph 62, chapter 114 of the statutes requires that a railroad shall fence its right of way within six months after its construction. The record discloses that the company under this provision was required to build a fence. The fact that no fence existed for a distance of from a mile to a mile and a half from where the animals were killed or injured upon defendant's right of way is not disputed; the only defense relied upon for this action is that plaintiff was guilty of contributory negligence and that contributory negligence consisted in herding his cattle upon the public highway along the right of way of the defendant at the point where no fence existed. The record discloses that plaintiff was a tenant farmer upon land lying to the east of the right of the way of defendant, that between defendant's right of way and the land farmed by plaintiff there was a public highway, that a freight train was due upon defendant's right of way at about four o'clock in the afternoon, that about this time plaintiff telephoned to the station agent at Sullivan inquiring about this train and was informed that the train was an hour late, that thereupon plaintiff turned his stock into the public highway in charge of his son to keep them off the track of the defendant company, that the train came about four thirty or four forty-five, that the boy was unable to keep the stock off the track of the defendant, and the train ran into the cattle, killing one and injuring others.

While the law makes it unlawful for a person to permit or allow stock to run at large upon the public highway and imposes a penalty therefor, the violation of this statute has repeatedly been held to be no de-

fense in an action against a railroad company for failure to fence its right of way in accordance with the requirements of the statute imposed upon it, and by reason of it stock goes upon the defendant's right of way and is killed or injured. Ewing v. C. & A., 72 Ill. 25; I. C. R. R. v. Davidson, 225 Ill. 624; C. & St. L. R. R. Co. v. Woosley, 85 Ill. 370-4.

The question as to whether or not after telephoning to ascertain the time at which this train would probably pass plaintiff's residence and thereafter turning his stock upon the public highway in charge of a fourteen year old boy, with instructions to keep them off the railroad track, was contributory negligence, was a question of fact for the jury to determine under all of the evidence under proper instructions by the court, and we are not prepared to say that the verdict is clearly and manifestly against the weight of the evidence in this record, or that the jury were not justified in finding the defendant guilty.

It is insisted by the defendant that the court erred in refusing to permit it to show that the plaintiff had been in the habit of and that it was his usual practice to pasture his cattle or stock upon the public highway and to permit it to wander and go upon defendant's right of way for the purpose of pasturage; even if plaintiff had been, previous to this time, in the habit of pasturing his cattle upon the public highway and that by reason of the failure of the defendant to fence its right of way in compliance with the provisions of the statute, the stock had at previous times wandered and gone upon defendant's right of way for grazing purposes, this would be no defense to this action and would have been no evidence of contributory negligence on the part of the plaintiff in permitting his stock to be upon the public highway on the day in question. The court permitted all of the facts to go to the jury showing the conditions and circumstances under which

plaintiff's stock was upon the public highway and upon defendant's right of way at this time, and there was no error in sustaining the objections to the evidence offered by the plaintiff.

We find no error in the record in regard to the testimony upon the question of attorney's fees. We find no error in the rulings of the court which would require a reversal of this cause upon the question of the admission and rejection of evidence, and upon an examination of the instructions complained of, we find no prejudicial error. The instructions given by the court as a whole substantially state the law correctly.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*