**ROSSO v. FREEMAN (four cases).**

**SANTORO v. SAME.**

District Court, D. Massachusetts. February 19, 1929.

Nos. 2957–2960, 2974.

John Rosso (in cases 2957, 2958 and 2960), for plaintiffs.

Rose Rosso, in pro, per.

McCarthy & Doherty, of Springfield, Mass., for plaintiff Santoro.

Chas. H. Beckwith and John P. Kirby (specially), both of Springfield, Mass., for defendant.

BREWSTER, District Judge. The above-entitled actions were brought in the state court to recover for personal injuries, alleged to have been sustained as the result of a collision in Massachusetts between a bus of the Hartford & Springfield Street Railway Company and another automobile. The actions have been duly removed to this court and are now presented on defendant's answers in abatement, filed in the state court. The same question is raised in each of the above cases, and the several pleas may conveniently be disposed of in one opinion.

The defendant seeks to have the writs abated on two grounds:

First. That at the time of the alleged injuries the bus in which the plaintiffs were riding belonged to the Hartford & Springfield Street Railway Company and was being operated by the defendant, as a receiver of said company, under authority of the superior court of the state of Connecticut, and was not being operated by the defendant individually, either in person or by agent or servant.

Second. That there was no sufficient service upon the defendant.

The following facts appear from pleadings or from agreements of counsel·

At the time of the collision, Harrison B. Freeman was duly appointed and acting as receiver of the Hartford & Springfield Street Railway Company, a Connecticut corporation, under a decree of the superior court in Hartford county, in the state of Connecticut, which authorized him to "carry on in such manner as he may deem judicious the bus business * * * conducted by said corporation." No ancillary receivership proceedings were ever instituted in the commonwealth of Massachusetts.

Under that decree he operated a line of busses between Hartford, in the state of Connecticut, and Springfield, in the commonwealth of Massachusetts, and the bus involved in the collision was operated, at the time of the accident, by one of his employés. The coach was duly registered as the property of the Hartford & Springfield Street Railway Company. It was also agreed in open court that the plaintiffs had applied to the state court in Connecticut for leave to bring these suits in the Massachusetts court and that this request had been denied.

During the course of the argument the defendant advanced, as a further reason for abating the writs, the fact that they were ambiguous, in that they did not clearly show whether the defendant was being sued as an individual or in his official capacity as receiver. It appears that in writs Nos. 2957, 2958, 2959, and 2960 the defendant is described as Harrison B. Freeman, doing business under the name and style of "Harrison B. Freeman, Receiver of the Hartford & Springfield Street Railway Company," and in the declarations in these cases it is alleged

828

that the defendant was the owner of, or in control of and operating, an automobile bus in Longmeadow, Mass., as a common carrier of passengers, and that on the day in question the defendant had, by his agents and servants, carelessly and negligently operated and controlled said bus, causing injuries to the plaintiffs.

In No. 2974 there is an additional count based upon the carrier's contract to safely transport the plaintiff.

While I am somewhat inclined to the opinion that the words "doing business under the name and style of Harrison B. Freeman, Receiver of the Hartford & Springfield Street Railway Company," are merely descriptive of the title under which the business was being conducted in Massachusetts and would not properly describe the defendant in his capacity as an officer of the court (Vasele v. Grant St. Elec. Ry. Co., 16 Wash. 602, 48 P. 259), yet there is room for reasonable doubt respecting the capacity in which the defendant is being sued. The defendant is entitled to know beyond peradventure whether he is being sued as an individual or in his official capacity. Unless and until this doubt is dispelled, the writs should abate. Trull v. Howland, 10 Cush. (Mass.) 109, 112, 57 Am. Dec. 82; White v. Slattery Co., 236 Mass. 28, 127 N. E. 597.

It is obvious that any ambiguity in this respect can be easily removed by amendments to the writs. If the writs were amended so as to clearly show that the plaintiffs were instituting actions of tort against the defendant in his capacity of receiver, the defendant's answer in abatement would have to be sustained, in the absence of any showing on the record that the plaintiffs had obtained leave of the Connecticut court to bring this action in the Massachusetts court, and especially in view of the agreement that the plaintiffs had unsuccessfully applied to the Connecticut court for such permission. Davis v. Gray, 16 Wall. 203, 21 L. Ed. 447; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; Texas & Pac. R. Co. v. Cox, 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829; Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815.

The more difficult question presented by this preliminary answer is whether a writ brought against the defendant in his individual capacity must be abated. We are dealing with a situation somewhat analogous to that involved in the receivership of a railroad corporation engaged in the business of a common carrier of passengers. It is the accepted doctrine that a railroad receiver conducting the business of a common carrier occupies the same position, as regards negligence of employés, as the company would if operating such road. Texas & Pacific R. Co. v. Cox, supra, 145 U. S. at page 598, 12 S. Ct. 905, 36 L. Ed. 829; Wall v. Platt, 169 Mass. 398, 48 N. E. 270; Newell v. Smith, 49 Vt. 255.

It is equally well settled that, in the absence of any personal or individual misconduct on the part of the receiver, his liability is official rather than personal. McNulta v. Lochridge, 141 U. S. 327, 12 S. Ct. 11, 35 L. Ed. 796; Texas & P. R. Co. v. Cox, supra; Archambeau v. Platt, 173 Mass. 249, 53 N. E. 816; McNulta v. Ensch, 134 Ill. 46, 24 N. E. 631; Robinson v. Kirkwood, 91 Ill. App. 54. See Cardot v. Barney, 63 N. Y. 281, 20 Am. Rep. 533.

There have been cases, however, where the courts have held that the defendant could not shield himself from liability on the ground that he was a receiver. Kain v. Smith, 80 N. Y. 458; Lyman v. Central Vt. R. Co., 59 Vt. 167, 10 A. 346.

In both of these cases the receiver, duly appointed by a state court, was operating as lessee a railroad which did not constitute a part of the receivership property. In the New York case the railroad was outside of the jurisdiction of the court appointing the receiver, and in the Vermont case it was not. In both cases the court held the defendants personally liable. In Kain v. Smith, supra, the court observed:

"If the defendant had confined his action to the road over which he was appointed receiver, it may be conceded that the rule applied in Cardot v. Barney (supra), would serve as a defense. Outside of that State he stands as an individual liable for his own negligence, whether he acts personally, or through agents, alone, or in company with others. He cannot be shielded by a description of his office, or a declaration that he is acting in an official character. The court from which he derived it had no jurisdiction over the subject of the contract, or power to enter a decree to be enforced outside of the State by whose laws it was created, and whose laws alone could make these decrees effective. The defendant could do no act virtute officii in this State, and although called manager or receiver he was as to this plaintiff merely an operator of the railroad."

And in Lyman v. Central Vt. R. Co., supra, Powers, J., remarked that, if the court consented that the receiver step out of his proper function as receiver of the railroad and "engage as a lessee in business

foreign to the administration of the property in the hands of the court, he stands as to such business and as to all persons employed by him, " * * not as a receiver in the sense that he is therein an officer of the court, but as a party sui juris, acting as his own principal and upon his own responsibility. The order of the court, if any, sanctioning his engagement in such outside business, is available to him in the settlement of his accounts as receiver of the roads in the hands of the court, but not as the gauge of his responsibility to third persons dealing with him."

These decisions, I think, may be taken as entirely consistent with the proposition that, if the acts of the receiver are pursuant to an order of court which is void because beyond the power of the court, such ultra vires acts subject him to personal liability which may extend to cover liability arising from the negligence of his employés over whom he exercises control and supervision. The corporation cannot be held liable because the management has been taken out of its hands and, by lawful decree, placed in charge of a ministerial officer of the court.

█ Was the order of the Connecticut court valid so far as it undertook to authorize the receiver to operate busses in Massachusetts? It is elementary, of course, that no sovereignty can extend its process beyond its own territorial limits to subject persons or property to its judicial decisions.

But in the instant cases the railway corporation was a Connecticut corporation. The property employed by the receiver, in the business carried on by him under the order of the court, was not fixed or immovable property located in Massachusetts, but was property over which the court had complete jurisdiction.

In Guarantee Trust & Safe-Deposit Co. v. Philadelphia R. & N. E. R. Co., 69 Conn. 709, 717, 38 A. 792, 794 (38 L. R. A. 804), the court said: "It seems very plain that if the receiver, in operating the road" (Hartford & Connecticut Western Railroad located in Connecticut and New York) "finds it necessary to send his employees into another State, he may do so. * * * It is true that no court can enforce its orders beyond the territorial limits of its jurisdiction; but it is also true that by a rule of comity based in part upon paramount necessity, the authority of receivers appointed in one State will be recognized in many ways by the courts of another state within whose jurisdiction it may be exercised."

In that case the receiver had been appointed by the courts of Connecticut and New York, but the order in question was issued by the Connecticut court only and it affected the employés operating trains in New York.

While that case is distinguishable from those at bar, it affords indication that the territorial limitations upon the powers of a state court would not necessarily render void an order which contemplates the use of receivership property outside of the state.

Confining my opinion to the cases before me, I am not prepared to hold that, if his employé subjected the defendant to liability by acts of negligence, the liability would be personal if committed in Massachusetts when the same acts would only result in official liability if committed in Connecticut. I see no rational ground for thinking that the defendant thus stepped out of his official character at the state line.

█ If the defendant can be held personally liable, this court would have jurisdiction, notwithstanding the refusal of the Connecticut court to grant leave to sue; but if, as the defendant has averred in his answers in abatement, the defendant is liable only in his official capacity, the failure to show consent of the Connecticut court would, according to the weight of authority, go to the jurisdiction of this court, and the answers must be sustained. Barton v. Barbour, supra; Mayberry v. Sprague, 199 Mass. 301, 305, 85 N. E. 440; White v. Slattery Co., supra.

█ After a somewhat diligent search, I have found no case where the question of the nature of a receiver's liability has arisen on facts similar to those here presented. Admittedly the question is not entirely free from doubt. The defendant should be given the benefit of the doubt at this preliminary stage, in order that the appellate tribunal may pass upon the legal aspects involved before the parties have been put to the expense of trial. This procedure is in accord with the practice of this court.

See Ballard Oil-Burning Equipment Co. v. Mexican Petroleum Corp. (D. C.) 22 F. (2d) 434, where Morton, J.; sustained a demurrer on doubtful grounds, saying (at page 436) that "the parties will then be able promptly and at a reasonable expense to get a final determination of these basic questions."

In view of the foregoing conclusions, the second ground for abatement, set forth in the answers, becomes somewhat a moot question, but I have considered the Massachusetts statute relative to service of process upon nonresidents operating motor vehicles in Massa-

chusetts, and have reached the conclusion that this ground for abating the writ is not tenable. While the title to the property remained in the corporation (Harrison v. Warren Co., 183 Mass. 123, 66 N. E. 589; Bell v. American Protective League, 163 Mass. 558, 40 N. E. 857, 28 L. R. A. 452, 47 Am. St. Rep. 481; Rochester Tumbler Works v. Mitchell Woodbury Co., 215 Mass. 194, 102 N. E. 438), it is nevertheless a fact that the defendant, as a receiver, was operating through his agents a motor vehicle in a public way in this commonwealth. The fact that the vehicle was registered in the name of the company would seem to be immaterial, because the act applies to the operation by any person by himself or his agents or any motor vehicle, whether registered or unregistered, and with or without license to operate. A receiver who undertakes to carry on the business of his corporation within this commonwealth is subject to the statutory regulations of this state. Wall v. Platt, supra.

The defendant's answer in abatement in each of the above cases is sustained, and the prayer of the defendant that the writ be abated is granted.