MITCHELL WOODBURY CORPORATION v. ALBERT PICK BARTH CO., Inc., et al.

No. 2445.

Circuit Court of Appeals, First Circuit.

May 17, 1930.

As Amended June 5, 1930.

Sherman L. Whipple, of Boston, Mass. (Claude B. Cross and Edward C. Park, both of Boston, Mass., on the brief), for appellant.

Edward F. McClennen, of Boston, Mass. (Jacob J. Kaplan and Charles B. Newhall, both of Boston, Mass., on the brief), for appellee Pick Barth Co., Inc.

Before BINGHAM, ANDERSON, and WILSON, JJ.

WILSON, Circuit Judge.

An action to recover threefold damages under section 4 of the Clayton Act (15 USCA § 15). The plaintiff is a Massachusetts corporation, dealing in china, glassware, kitchen utensils, and equipment. The defendant, Albert Pick Barth Co., Inc., is a Maryland corporation and the other two defendants are residents of Massachusetts. Federal jurisdiction is based on section 4 of the U. S. C. title 15 (15 USCA § 4).

The case is before this court on alleged error in the ruling of the court below in sustaining a demurrer to the plaintiff's declaration. Upon the issue thus raised the allegations contained in the declaration are to be taken as true.

The declaration alleges that the plaintiff was engaged in interstate commerce; that the defendant corporation was one of a combination of corporations of similar name and allied interests engaged in the same business as the plaintiff, and constituted the largest and a dominating factor in that trade throughout the United States; that the defendants Stuart and McDonald were former trusted employees of the plaintiff, having access to its records, plans, lists of customers, present and prospective, cost records, and other data; that said defendants entered into conspiracy to deprive the plaintiff of its interstate business in its kitchen equipment and utensils, and to restrain the competition of the plaintiff with the defendant corporation and destroy its business in the several states, and in furtherance of such conspiracy said defendant corporation induced the said Stuart and McDonald to leave the plaintiff's employ and to take with them the plaintiff's lists of customers, present and prospective, cost records, plans, and other data necessary to the conduct of its said business; that before leaving its employ said Stuart and McDonald secretly solicited the plaintiff's customers in behalf of the defendant corporation and did other acts to prevent the plaintiff acquiring new business, all of which the plaintiff alleges injured its business in kitchen equipment and utensils. As the declaration does not allege that it was engaged in any other business than interstate business, the fair inference is that it was its interstate kitchen department business that it alleges was injured and diminished.

The defendants contend in support of their demurrer that the declaration sets forth no wrong except the wrong of enticing away employees of the plaintiff, causing them to break their contracts of employment with the plaintiff and of entering into competition with the plaintiff; that the enticing of the employees of the plaintiff was a private wrong having no direct effect upon interstate commerce; and that the establishment of its business in the state of Massachusetts by the defendant corporation, even though it diminished the business of the plaintiff and in-

cidentally its business in the several states, constituted no offense under the anti-trust acts.

The court below, expressing doubt as to the sufficiency of the declaration, but following precedents established under such circumstances in Re Ballard Oil Burning Equipment Co. v. Mexican Petrol Corp. (D. C.) 22 F.(2d) 434; Rosso v. Freeman (D. C.) 30 F.(2d) 826, upheld the defendants' contentions and sustained the demurrer.

■ Construed strictly according to the common-law rules governing pleading, the declaration falls short of setting forth a cause of action under the anti-trust acts, but the Massachusetts statute no longer requires that exactitude and certainty required at common law, but only that the necessary substantive facts be stated concisely and with substantial certainty. Gen. Laws, 1921, chap. 231, § 7; Flye v. Hall, 224 Mass. 528, 113 N. E. 366. We think the declaration sufficiently charges that the defendant corporation entered into a conspiracy with two trusted and important members of the plaintiff's staff of employees to obtain the customers of the plaintiff in kitchen equipment and utensils, and by unfair means, and to deprive it of its business between the several states and obtain it for itself.

From its position as the largest and dominant factor in interstate business in this line, the defendant corporation is, in effect, charged, in conjunction with the other defendants, with a purpose, and acts in furtherance of that purpose, of eliminating the plaintiff as an interstate competitor.

■ It can hardly be said that allegations that the defendants entered into a conspiracy to restrain the competition of the plaintiff in trade and commerce among the several states, and to deprive it of its business and to obtain that business for the defendant, do not charge with substantial certainty an intent to restrain commerce and the full and free flow of interstate competition. Addyston Pipe Co. v. United States, 175 U. S. 211, 241, 242, 20 S. Ct. 96, 44 L. Ed. 136.

■ That the several acts done in furtherance of the alleged conspiracy by themselves alone do not constitute any federal offense is of no consequence, if the purpose and intent is to restrain interstate commerce. Swift & Co. v. United States, 196 U. S. 375, 395, 396, 25 S. Ct. 276, 49 L. Ed. 518; Binderup v. Pathe Exchange, 263 U. S. 291, 312, 44 S. Ct. 96, 100, 68 L. Ed. 308. The object and intent of the combination determines its legality.

Loewe v. Lawlor, 208 U. S. 274, 297, 28 S. Ct. 301, 52 L. Ed. 488, 13 Ann. Cas. 815.

■ To what extent it was done, whether to an unreasonable extent, must be left for proof. The plaintiff is not required in its declaration to set forth in detail all the evidence on which it relies. Ballard Oil Terminal Corp. v. Mexican Petroleum Corp. (C. C. A.) 28 F.(2d) 91, 98. It is sufficient, unless objected to for lack of particularity, if it alleges with substantial certainty that a conspiracy existed, that its purpose was to deprive the plaintiff of its interstate business and thus destroy interstate competition; that there was restraint in interstate competition in consequence of the conspiracy, and that the plaintiff was thereby injured.

To undertake to define what constitutes restraint of trade would probably only add more confusion and vagueness to the definitions which already may be found in the books. The highest tribunal in the land in the Standard Oil Case, 221 U. S. 1, 31 S. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734, and American Tobacco Case, 221 U. S. 106, 31 S. Ct. 632, 55 L. Ed. 663, applied the "rule of reason" in interpreting the statute, and held it only applied to combinations which operated to the prejudice of the public interests by unduly restricting competition, or unduly obstructing the due course of trade. Whether this rule has made the statute any less difficult of application may be a question.

■ If a combination unduly restricts competition or obstructs trade, it is against the public interest. If it unduly restricts, we assume it must be held unreasonable, and vice versa. United States v. Eastern States Retail L. D. Ass'n (D. C.) 201 F. 581, 584; Northern Securities Co. v. United States, 193 U. S. 197, 331, 24 S. Ct. 436, 48 L. Ed. 679; United States v. E. C. Knight Co., 156 U. S. 1, 16, 15 S. Ct. 249, 39 L. Ed. 325; Chicago Board of Trade v. United States, 246 U. S. 231, 238, 38 S. Ct. 242, 244, 62 L. Ed. 683. In the last case cited the court said: "Every agreement concerning trade, every regulation of trade, restrains. To bind, to restrain, is of their very essence. The true test of legality is whether the restraint imposed is such as merely regulates and perhaps thereby promotes competition *or whether it is such as may suppress or even destroy competition.*" (Italics ours.)

In Binderup v. Pathe Exchange, supra, the court very pointedly said: "It is difficult to imagine how interstate trade could be

more effectively restrained than by suppressing it."

 We think from a survey of the decisions it must be held that any combination the intent of which is to suppress competition in interstate commerce, is unreasonable, and, if put into effect, may be said unduly to obstruct trade. If a merger is formed for a lawful purpose, and through the result of increased output and decreased overhead prices can be and are reduced, and as a result a less favored competitor is unable to compete in interstate commerce, no offense results because of the lessened competition. If, however, the merger or combination can be shown to have been formed with the intent to destroy a competitor and suppress its interstate competition and the intent is accomplished, it is within the prohibition of the statute.

Here the alleged intent of a conspiracy between the defendants was to destroy the competition of the plaintiff and deprive it of its interstate business. If proven as alleged, it was an unlawful purpose, an undue interference with interstate commerce, and to that extent is injurious to the public interest, which is entitled to the free and full flow of interstate trade, subject only to such effect as natural and reasonable competition may have upon it.

If the damages were limited to those flowing from a temporary disorganization of its staff through the unlawful enticing away of essential members of its staff, as stated in the opinion of the court below, it might well be a question whether the effect upon its interstate business was sufficient to warrant the conclusion that its interstate competition was unreasonably interfered with, but the declaration alleges more; it thereby lost sales and the value of its kitchen department business was diminished.

The demurrer does not complain that these elements of damage are not set forth with sufficient particularity, but only that the overt acts of the conspiracy alleged were not in restraint of interstate commerce. True, in and of themselves they were not, but the plaintiff had alleged, though it may not be in an approved form, that they were done for the purpose of destroying its interstate business, and that in conjunction with the establishment of a branch of its business in Boston for the same purpose, they injured the plaintiff in its kitchen equipment department and diminished its business. Again we think the fair inference is that this allegation relates to its interstate business, since it is not alleged it was engaged in any other.

The acts complained of were all calculated to destroy the plaintiff's interstate business, as alleged, through the efforts of its old employees working against it, not only openly but secretly while in its employ, and in behalf of a competitor, which is a dominant factor in the business throughout the United States.

The judgment of the District Court is reversed with costs of appeal, and the case is remanded to that court for further proceedings not inconsistent with this opinion.